# EXHIBIT 2

Docusign Envelope ID: 08550E9C-66AC-4BEE-A438-2261356A2E17

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| ESTATE OF LAWRENCE HANDORF, by and through its administrator Melissa Barger, BLACKOAK LIFE LIMITED AS GP FOR BLACKOAK INVESTORS LP, and PHT HOLDING II LP, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | Case No.: 1:23-cv-00032-CJW-MAR |
| Plaintiffs, | ) ) ) | SETTLEMENT AGREEMENT AND RELEASE |
| vs. | ) ) ) | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

Docusign Envelope ID: 08550E9C-66AC-4BEE-A438-2261356A2E17

## SETTLEMENT AGREEMENT AND RELEASE

Subject to Court approval and pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs Estate of Lawrence Handorf, by and through its administrator Melissa Barger, Blackoak Life Limited as GP for Blackoak Investors LP, and PHT Holding II LP, individually and as Class Representatives on behalf of the proposed Settlement Class, and Defendant Transamerica Life Insurance Company ("TLIC"), through their respective undersigned counsel and/or authorized representatives, enter into this Settlement Agreement and Release. All capitalized terms have the definitions set forth in Section II.

## I. INTRODUCTION

### A. The Action and the Underlying Allegations

1. BOAGF Holdco LP[1] initiated the above-captioned, first-filed putative class action against TLIC in the Central District of California on October 27, 2022, challenging the monthly deduction rate ("MDR") and cost of insurance ("COI") increases implemented by TLIC in 2022 and 2023 on certain universal life insurance policies (the "2022/23 MDR Increases").

2. On January 26, 2023, TLIC moved to dismiss the complaint for improper venue, or in the alternative, to transfer venue to the Northern District of Iowa. (ECF No. 31).

3. On May 10, 2023, the Court granted TLIC's motion to transfer venue from the Central District of California to the Northern District of Iowa. (ECF No. 60).

4. On December 1, 2023, Plaintiffs Lawrence Handorf, BOAGF Holdco LP, and PHT Holding II LP filed the First Amended Complaint ("FAC"), adding Lawrence Handorf and PHT Holding II LP as additional named plaintiffs. (ECF No. 102).

---

[1] Blackoak Life Limited as GP for Blackoak Investors LP was substituted in place of BOAGF Holdco LP.

5.     TLIC filed its Answer to the FAC on December 22, 2023, denying Plaintiffs' allegations.  (ECF No. 107).

6.     On November 27, 2024, the Court granted the Parties' agreed motion to substitute Blackoak Life Limited, as GP for Blackoak Investors LP, in place of Plaintiff BOAGF Holdco LP. (ECF No. 138). On November 11, 2025, the Court granted Plaintiffs' Unresisted Motion to Substitute the Estate of Lawrence Handorf, by and through its administrator Melissa Barger, as Plaintiff and Class Representative for Lawrence Handorf.  (ECF No. 178).

7.     On December 18, 2024, both Parties filed important motions.  Plaintiffs moved for certification of their putative class claims under Federal Rule of Civil Procedure 23. (ECF No. 142).  TLIC moved for partial summary judgment of Plaintiffs' individual claims based on contractual interpretation issues.  (ECF No. 143).

8.     TLIC opposed Plaintiffs' motion for class certification.  (ECF No. 152).

9.     On June 3, 2025, the Court granted Plaintiffs' motion for class certification.  (ECF No. 166).

10.     On June 17, 2025, pursuant to Federal Rule of Civil Procedure 23(f), TLIC filed a petition for interlocutory appeal of the class certification order to the U.S. Court of Appeals for the Eighth Circuit, Case No. 25-8004.  Plaintiffs opposed TLIC's petition.  On August 13, 2025, the Eighth Circuit denied TLIC's petition for interlocutory appeal of the class certification order.

11.     With respect to summary judgment, TLIC filed a motion for partial summary judgment against the individual Plaintiffs based on legal interpretation issues relating to certain Policy provisions (ECF No. 143).  On April 24, 2025, the Court denied TLIC's motion for partial summary judgment as against Plaintiffs.  (ECF No. 162).

## B.    Settlement Background

12.    This settlement was reached through arms-length negotiations between Class Counsel and TLIC's Counsel with the assistance of mediator Eric Green, with Resolutions, LLC. A virtual mediation was conducted before Professor Green on July 29, 2025 with representatives for both sides attending.  The Parties conducted numerous follow-up mediation discussions over the course of several weeks.  The Parties eventually reached a settlement on behalf of a proposed settlement class of TLIC Policyowners.  The Parties executed this Settlement Agreement memorializing the terms of the proposed settlement.

13.    Before executing the Settlement Agreement, Plaintiffs, through Class Counsel and their experts, conducted extensive formal discovery and a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  The investigation included, among other things: (i) review and analysis of the evidence and applicable law, including the review and analysis of a substantial number of documents, emails, and native files produced by TLIC, in addition to voluminous documents produced by third parties; (ii) consultation with actuarial and other experts retained by Class Counsel; (iii) taking and defending numerous depositions.

14.    Class Counsel has thoroughly evaluated the relevant law and facts to assess the merits of the claims alleged in the Action.  Based upon their extensive discovery, investigation, and evaluation of the applicable facts for the 2022/23 MDR Increases and the law, Class Counsel recommends approval of the settlement of the Action pursuant to the terms of this Settlement Agreement, after considering, among other things: (a) the fairness, reasonableness, and adequacy of this settlement; (b) the procedural posture of the litigation and substantial risks and uncertainties of trial and appeal especially in a complex class action such as this challenging the 2022/23 MDR

3

Increases, as well as the difficulties, delays, and risks of adverse results inherent in trial and appeal; (c) the needs and interests of the Settlement Class Members; and (d) the desirability of consummating this Settlement Agreement promptly, in order to provide timely substantial relief to those Settlement Class Members.

15.     Class Counsel agrees that this Settlement Agreement is fair, reasonable, and adequate, because, among other things, it provides tens of millions of dollars in immediate cash payments to the Settlement Class, protects the Settlement Class from future MDR increases over the next five years and forever protects the Settlement Class from insurable interest challenges, and is otherwise in the best interests of the Settlement Class by fairly resolving the claims alleged in the Action.

16.     TLIC denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, liability, or damage of any kind to Plaintiffs or to the Settlement Class in connection with any facts or claims that have been or could have been alleged against them arising from the factual allegations in the Action. TLIC denies that it acted improperly or wrongfully in any way and believes that the claims asserted in the Action have no merit. TLIC further contends that its decisions to implement the 2022/23 MDR Increases were, at all times, in accordance with the Policies' terms and accepted actuarial standards.

17.     TLIC considers it desirable for the Action to be settled and dismissed on terms which will: (i) provide substantial benefits to the Settlement Class; (ii) finally put to rest the claims of the Plaintiffs and the Settlement Class, and the underlying dispute; and (iii) avoid the substantial expense, burdens, risks, and uncertainties associated with trial and appeal of the Action.

## II.     DEFINITIONS AND CONVENTIONS

For the purposes of this Settlement Agreement:

4

18. "2022/23 MDR Increases" means, both collectively and individually, the increases in MDRs effective on Policy anniversaries beginning March 1, 2022 and thereafter for the LA UL Policies, and the increases in COIs effective on Policy monthiversaries beginning on July 1, 2022 and thereafter for the CR UL Policies.

19. "Action" means the above-captioned action, styled *Estate of Lawrence Handorf, by and through its administrator Melissa Barger, Blackoak Life Limited, as GP for Blackoak Investors LP, and PHT Holding II LP*, Case No. 1:23-cv-00032-CJW-MAR, currently pending in the U.S. District Court for the Northern District of Iowa and assigned to The Honorable C.J. Williams.

20. "Additional MDs" means the difference between: (a) the Monthly Deductions withdrawn from the accumulation value of a Settlement Class Policy as of August 31, 2025 under the Settlement Class Policy's MDR or COI rate schedules in effect after the 2022/23 MDR Increases; and (b) the Monthly Deductions that would have been withdrawn from the accumulation value of that same Settlement Class Policy as of August 31, 2025 under such Settlement Class Policy's MDR or COI rate schedules in effect immediately prior to each of the applicable 2022/23 MDR Increases.

21. "Class Certification Order" means the Court's June 3, 2025 Order (ECF No. 166).

22. "Class Counsel" means Susman Godfrey L.L.P..

23. "Class Fee and Expense Application" means the application by Class Counsel for an award of attorneys' fees and expenses from the Final Settlement Fund for attorneys' fees and reimbursement of Class Counsel's costs and expenses and Service Awards in accordance with Sections VIII and IX.

24. "Class Fee and Expense Order" means the Court's ruling on the contemplated Class

5

Docusign Envelope ID: 08550E9C-66AC-4BEE-A438-2261356A2E17

Fee and Expense Application and request for Service Awards, as described in Sections VIII and IX.

25. "Class Notice" means the notice of class certification mailed to Class Members on August 29, 2025, pursuant to the Class Certification Order. (ECF No. 175-1).

26. "Class Representatives" means, collectively, Estate of Lawrence Handorf, by and through its administrator Melissa Barger, Blackoak Life Limited as GP for Blackoak Investors LP, and PHT Holding II LP.

27. "COI" or "COIs" means cost of insurance.

28. "Confidential Information" means material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the terms of the Amended Stipulated Protective Order entered in the Action (ECF No. 92).

29. "Confidential Termination Agreement" means the agreement between the Parties described in Section XI.

30. "Court" means the U.S. District Court for the Northern District of Iowa.

31. "CR UL" means Cedar Rapids Universal Life and refers to policies included within TLIC's block of life insurance policies referred to as "CR UL."

32. "Day" or "days" means a calendar day or days; provided however, that the computation of time periods under this Settlement Agreement will be made in accordance with the provisions of Section XII.

33. "Execution Date" means the date on which this Settlement Agreement is fully executed by the Parties.

34. "Fairness Hearing" means the hearing held by the Court on any motion for final approval of the proposed settlement following the entry of the Preliminary Approval Order and

6

the Notice Date, for the purposes of: (a) determining whether the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; (b) determining that the Settlement Class should be certified pursuant to Federal Rule of Civil Procedure 23; (c) entering the Final Approval Order approving the Settlement Agreement and dismissing the Action with prejudice; (d) entering the Class Fee and Expense Order and approving of Service Awards for Class Representatives; and (e) ruling on any other matters as may be raised before the Court.

35. "Final Approval Date" means the date on which the Court enters judgment on the Final Approval Order.

36. "Final Approval Order" means the Court's order fully and finally approving the Settlement Agreement, dismissing the Action with prejudice, and entering final judgment, as described in Section X. The proposed judgment to be submitted to the Court will include a provision for retention of the Court's jurisdiction over the Parties to enforce the terms of the judgment.

37. "Final Settlement Date" means the date on which the Court's judgment entered on the Final Approval Order under Federal Rule of Civil Procedure 58 becomes final. For purposes of this Settlement Agreement:

    a. if no appeal is taken from the judgment entered upon the Final Approval Order, "Final Settlement Date" means the date on which the time to appeal therefrom has expired; or

    b. if an appeal has been taken from the judgment entered upon the Final Approval Order, "Final Settlement Date" means the date on which all appeals therefrom, including petitions for rehearing or re-argument, petitions for rehearing *en banc*,

7

and petitions for *certiorari* or any other form of review, have been fully disposed of in a manner that affirms the Final Approval Order.

38. "Final Settlement Fund" means the Settlement Fund less any proportionate reductions based on the Proportionate MDs attributed to Policyowners who submit a Request for Exclusion pursuant to Section V of this Settlement Agreement.

39. "FAC" means the First Amended Complaint filed in the Action on December 1, 2023.

40. "LA UL" means Los Angeles Universal Life and refers to policies included within TLIC's block of life insurance policies referred to as "LA UL."

41. "MD" or "MDs" means monthly deduction.

42. "MDR" or "MDRs" means monthly deduction rate.

43. "Mediator" means Professor Eric D. Green of Resolutions LLC.

44. "Net Settlement Fund" means the Final Settlement Fund less: (i) Settlement Administration Expenses; (ii) any Service Awards; (iii) any Class Counsel's fees and expenses awarded by the Court pursuant to the Class Fee and Expense Order; and (iv) any other payments provided for under this Settlement Agreement or the Final Approval Order.

45. "Notice Date" means the date on which the Settlement Class Notice is mailed.

46. "Notice List" means the list of Policyowners and their last known addresses to be provided by TLIC to the Settlement Administrator and to Class Counsel.

47. "Parties" means, collectively, Plaintiffs, on behalf of themselves and the Settlement Class, and TLIC.

48. "Parties' Counsel" means, collectively, Class Counsel and TLIC's Counsel.

49. "Plaintiffs" means, collectively, Estate of Lawrence Handorf, by and through its

8

administrator Melissa Barger, Blackoak Life Limited as GP for Blackoak Investors LP, and PHT Holding II LP in their individual capacities.

50. "Plan of Allocation" means Class Counsel's plan for disbursement of the Net Settlement Fund to Settlement Class Members.

51. "Policy" or "Policies" means any LA UL or CR UL life insurance policy for which TLIC sent written notice of the 2022/23 MDR Increases.

52. "Policyowner" means the owner of a Policy or Policies, whether a person or entity.

53. "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

54. "Preliminary Approval Order" means an order of the Court (1) preliminarily certified the Settlement Class, appointing Class Representatives for the Settlement Class, appointing Class Counsel as counsel for the Settlement Class, and appointing the Settlement Administrator; (2) granting preliminary approval of the proposed settlement as appearing sufficiently fair, adequate, and reasonable to warrant the dissemination of Settlement Class Notice; and (3) setting a date for a Fairness Hearing.

55. "Proportionate MDs" means the proportion of each Policyowner's Additional MDs for their Settlement Class Policy (or Settlement Class Policies if more than one) as divided by the total Additional MDs for all Policies.

56. "Request for Exclusion" means a properly completed and timely postmarked request from a Policyowner to be excluded from the Settlement Class, as described in Section V.

57. "Released Claims" has the meaning set forth in Section VII.

58. "Releasees" means, individually and collectively, TLIC, TLIC's past and present parents (including intermediate and ultimate parents), direct and indirect subsidiaries, affiliates,

9

predecessors, joint ventures, successors and assigns, together with each of their past and present officers, directors, shareholders, employees, representatives, attorneys, general agents, agents and producers (including, but not limited to, those acting on behalf of TLIC and within the scope of their agency), TLIC's Counsel, and all of such Releasees' heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, and including any person or entity acting on behalf or at the direction of any of them.

59. "Releasors" means the Plaintiffs and each Settlement Class Member on behalf of themselves and their respective agents, heirs, relatives, representatives, attorneys, consultants, payors, trustees, grantors, subrogees, securities intermediaries, beneficial owners, entitlement holders, principals, assigns, executors, beneficiaries, beneficiaries designated under the Settlement Class Policies, administrators, predecessors, and successors, and any other person or entity acting by, through, under, as successor-in-interest to, or in concert with any of them.

60. "Service Award" means the amount of an award approved by the Court to be paid from the Final Settlement Fund to each Class Representative to compensate such individuals or entities for efforts undertaken by them on behalf of the Settlement Class.

61. "Settlement Administration Expenses" means all Class Notice, Settlement Class Notice, and any other administrative fees, costs, or expenses incurred in administering the Class Notice, Settlement Class Notice or Settlement, including those fees incurred by the Settlement Administrator. Settlement Administration Expenses shall be paid from the Final Settlement Fund.

62. "Settlement Administrator" means Simpluris, Inc. or other third-party administrator of the Settlement who is retained by Class Counsel and approved by the Court to assist with Settlement Class Notice and administration of the Settlement. The Settlement Administrator's fees shall be paid from the Final Settlement Fund.

63.     "Settlement Agreement" means this Settlement Agreement and Release, including its exhibits.

64.     "Settlement Class" means the following opt-out plaintiff settlement class to be requested to be certified by the Court pursuant to Federal Rule of Civil Procedure Rule 23(b)(3): all persons or entities who presently own or formerly owned a Settlement Class Policy during the Settlement Class Period.  Excluded from the Settlement Class are: (a) the Honorable C.J. Williams, U.S. District Court Judge of the Northern District of Iowa (or other Circuit, District, or Magistrate Judge presiding over the Action through which this matter is presented for settlement) and his immediate family; (b) TLIC; (c) any officer or director of TLIC reported in its most recent Annual Statements, and members of their immediate families; (d) anyone employed in Class Counsel's firms; (e) Policyowners who properly execute and timely file a Request for Exclusion from the Settlement Class; and (f) the legal representatives, successors, or assigns of any of the foregoing excluded Policyowners (but only then in their capacity as legal representative, successor, or assignee).

65.     "Settlement Class Members" means all Policyowners encompassed by the definition of the Settlement Class.

66.     "Settlement Class Notice" means the notice concerning the proposed settlement to be sent to the Settlement Class, as described in Section IV.

67.     "Settlement Class Period" means the period from November 1, 2021, through and including the Final Approval Date.

68.     "Settlement Class Policy" or "Settlement Class Policies" means one or more Policy issued under the following products and business block for which TLIC sent written notice of the 2022/23 MDR Increases:

11

| Product | LA UL or CR UL Business Block |
|---|---|
| AGRI-VIP | CR UL |
| AGRI-VIP 5 | CR UL |
| AGRI-VIP II | CR UL |
| AGRI-VIP III | CR UL |
| AGRI-VIP VALUE | CR UL |
| AGRI-VIP VALUE 5 | CR UL |
| AHA MVP 100 | CR UL |
| ALL PRO SERIES I | CR UL |
| ALL PRO SERIES II | CR UL |
| BANKERS UNIVERSAL LIFE | CR UL |
| BOND CONTINUATION | CR UL |
| CONSERVATION PROTECTOR | CR UL |
| EXECUTIVE BENEFIT PLUS | CR UL |
| EXECUTIVE BENEFIT PLUS 2 | CR UL |
| FREEDOM PROTECTOR II | CR UL |
| FREEDOM UL | CR UL |
| FREEDOM UL II | CR UL |
| HORIZON2 | CR UL |
| HORIZON3 | CR UL |
| HUB | CR UL |
| HUB PA | CR UL |
| INFLATION FIGHTER | CR UL |
| INFLATION FIGHTER II | CR UL |
| INVIP | CR UL |
| ISL SECURITY PLUS | CR UL |
| ISWL08 & ISWL08R | LA UL |
| KID'S LIFE | CR UL |
| LIFE SECURITY | CR UL |
| LIFEPRO PROTECTOR UL | CR UL |
| LIFEPRO UL PLUS | CR UL |
| LIFETIME PROTECTOR – PLAN CODE UL1346 ONLY | CR UL |
| LIFETIME PROTECTOR II | CR UL |
| NASE AGRI-VIP | CR UL |
| PACIFIC FIDELITY UL | CR UL |
| PREFERRED 1000 | CR UL |
| PREFERRED GOLD II | CR UL |
| PREFERRED PROTECTOR 200 | CR UL |
| PREFERRED PROVIDER II | CR UL |
| PREFERRED UL | CR UL |
| PREFERRED VIP | CR UL |
| PREMIER LIFE | CR UL |
| SECURITY PLUS II | CR UL |

| Product | LA UL or CR UL Business Block |
|---|---|
| SECURITY PLUS ISWL | CR UL |
| SECURITY PROTECTOR | CR UL |
| SINGLE PREMIUM | CR UL |
| SUMMIT UL | CR UL |
| TRANSADVANTAGE | LA UL |
| TRANSSAVERS | LA UL |
| TRANSULTRA 1997 | LA UL |
| TRANSULTRA 2K | LA UL |
| TRANSULTRA LP | LA UL |
| TRANSULTRA LP 2005 | LA UL |
| TRANSVALUE | LA UL |
| TRANSVALUE 2002 | LA UL |
| TRIPLE PROTECTOR | CR UL |
| TURNAROUND IN VIP | CR UL |
| TURNAROUND UL | CR UL |
| TURNAROUND/ULTIMA PRO-UNISEX | CR UL |
| ULTIMA PROTECTOR UL10 | CR UL |
| ULTIMA PROVIDER UL | CR UL |
| ULTIMA SIMPLIFIED PROTECTOR | CR UL |
| ULTIMATE PROTECTOR | CR UL |
| ULTIMATE SECURITY II | CR UL |
| UNIVERSAL ACCUMULATOR | CR UL |
| UNIVERSAL PROTECTOR | CR UL |
| UNI-VIP HUB | CR UL |
| YOUTH PROTECTOR | CR UL |

69.     "Settlement Class Website" means the website set up by the Settlement Administrator concerning the Action.

70.     "Settlement Fund" means a cash fund of FIFTY SEVEN MILLION DOLLARS ($57 million) consisting of the compensation paid for the benefit of the Settlement Class prior to any proportionate reduction for Policyowners who submit a properly completed and timely Request for Exclusion pursuant to Section V of this Settlement Agreement.

71.     "Settlement Fund Account" means the escrow account where the Settlement Fund shall be held pending determination of the Final Settlement Fund and the Net Settlement Fund, and pending disbursement pursuant to the Preliminary Approval Order and Final Approval Order.

13

72. "Settlement Relief" means, collectively, all forms of relief made available to Settlement Class Members under this Settlement Agreement, as described in Section III, including the Settlement Fund, the MDR Increase Protection Benefit, and the Non-Contestability Benefit.

73. "Statement of Objection" means a written objection by a Settlement Class Member timely filed with the Court, as described in Section VI.

74. "TLIC" means Defendant Transamerica Life Insurance Company, and its respective predecessor and successor entities.

75. "TLIC's Counsel" means, collectively, the law firms of and lawyers at McDowell Hetherington LLP and Bradley & Riley PC.

## III.   SETTLEMENT RELIEF

### A.   Cash Compensation to Settlement Class Members

76. <u>Settlement Fund</u>. By the latter of (a) 15 business days following entry of the Preliminary Approval Order or (b) ten business days following TLIC's receipt of all relevant account information and wiring instructions from or on behalf of the Settlement Administrator, TLIC will pay $57.0 million to the Settlement Fund Account to establish the Settlement Fund.

    a. If the Court does not approve the Settlement Agreement through entry of a Final Approval Order, the Settlement Administrator shall refund the Settlement Fund to TLIC, together with all earnings thereon described in Paragraph 77, within seven business days following entry of any Court order denying final approval of the proposed settlement. Notwithstanding the foregoing, no Settlement Administration Expenses shall be recouped by TLIC if the Court does not approve the Settlement Agreement through entry of a Final Approval Order.

    b. If the Final Approval Order and judgment is subject to appeal, the Settlement

14

Fund shall remain in the Settlement Fund Account until resolution of any appeal.

77.     The Settlement Fund Account.  The Settlement Fund Account, and all earnings thereon, shall be deemed to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds have been disbursed pursuant to the terms of this Settlement Agreement, the Final Approval Order, or by further Court order.  The funds deposited in the Settlement Fund Account, which must be interest-bearing or otherwise generate interest, shall be invested in instruments, accounts, or funds backed by the full faith and credit of the U.S. Government or fully insured by the U.S. Government or an agency thereof.  Such permissible investments include investments in a U.S. Treasury money market fund (*e.g.*, Vanguard Federal Money Market Investor Fund (VMFXX)) or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the U.S. Government.  The Parties and the Parties' Counsel shall have no responsibility or liability whatsoever with respect to investment decisions made for the Settlement Fund Account.  All risk related to the investment of the Settlement Fund shall be borne solely by the Settlement Class.

78.     Proportionate Reduction of Settlement Fund.  The amount of the Settlement Fund and all earnings thereon will be proportionately reduced based on the aggregate Proportionate MDs of each Policyowner who submits a valid Request for Exclusion from the Settlement Class pursuant to Section V.[2]  This amount constitutes the Final Settlement Fund.  Any disputes between or among the Parties regarding any reductions to the Settlement Fund shall be first presented to

---

[2] For example, if Policies with total Proportionate MDs of 5% are excluded from the Settlement Class, then the Settlement Fund would be reduced by 5%, from $57.0 million to $54.15 million.

15

Docusign Envelope ID: 08550E9C-66AC-4BEE-A438-2261356A2E17

the Mediator for potential resolution and, absent resolution, to the Court for a determination. The Parties each represent and warrant that neither is aware of any person or entity that intends to submit a Request for Exclusion from the Settlement Class, and agrees not to solicit or encourage any such submissions. Within seven business days following entry of the Final Approval Order, the Settlement Administrator shall disburse the difference, if any, between the Settlement Fund and the Final Settlement Fund to TLIC.

79. Plan of Allocation for Net Settlement Fund.  The amount of cash Settlement Relief to be distributed to Settlement Class Members constitutes the Net Settlement Fund.  Class Counsel is responsible for developing the Plan of Allocation, which in turn is subject to Court approval, and is attached hereto as an exhibit.

80. Distribution of Net Settlement Fund: The Settlement Administrator shall effectuate distribution of each Settlement Class Member's share of the Net Settlement Fund by check mailed to each Settlement Class Member, consistent with any Court-approved Plan of Allocation.

81. TLIC shall not be required to make any payments in connection with this Action other than as described in Paragraph 76.

**B.      Non-Cash Compensation to Settlement Class Members**

82. Nonreversion.  There will be no reversion of the Final Settlement Fund to TLIC.  If any amount of the Net Settlement Fund is unclaimed or unpayable after reasonable efforts to locate and pay such Settlement Class Members have been exhausted, including through any additional distributions to Settlement Class Members authorized in the Court-approved Plan of Allocation, then Plaintiffs shall petition the Court for approval of the proposed manner in which remaining unclaimed or unpayable amounts will be distributed.

83. MDR Increase Protection Benefit.  TLIC agrees that it will not impose any

16

additional MDR schedule increase(s) on any Settlement Class Policy within five years of the Execution Date, unless ordered to do so by a state regulatory body (the "MDR Increase Protection Benefit"). The Parties acknowledge and agree that, notwithstanding the foregoing and in exchange for the cash and non-cash consideration provided for in this Settlement, the 2022/23 MDR Increases will remain in effect and TLIC may continue to maintain the MDR or COI rate schedules implemented through the 2022/23 MDR Increases in the future on each Settlement Class Policy.

84.     Non-Contestability Benefit. TLIC agrees it will not seek to void, rescind, cancel, have declared void, or otherwise deny coverage of death claims submitted by Settlement Class Members based on any alleged lack of insurable interest or misrepresentations made in connection with the original application process (the "Non-Contestability Benefit"). The Non-Contestability Benefit does not apply to any alleged lack of insurable interest or misrepresentations made in connection with an application to reinstate coverage. The covenant set forth in this Paragraph is solely prospective, and does not apply to any actions taken by TLIC in the past. Nothing contained in this Settlement Agreement shall otherwise restrict TLIC from: (i) following its normal procedures and any applicable legal requirements regarding claims processing, including but not limited to confirming the death of the insured; determining the proper beneficiary to whom payment should be made in accordance with applicable laws, the terms of the Settlement Class Policy, and Settlement Class Policy specific documents filed with TLIC; and investigating and responding to competing claims for death benefits; (ii) enforcing contract terms and applicable laws with respect to misstatements regarding the age, gender, or smoking status of the insured; (iii) in the event any Settlement Class Member initiates after the Final Approval Date a legal proceeding concerning any Released Claim, asserting any affirmative defenses or counterclaim in such litigation; or (iv) complying with any court order, law or regulatory requirements or requests,

17

Docusign Envelope ID: 08550E9C-66AC-4BEE-A438-2261356A2E17

including but not limited to, compliance with regulations relating to the Office of Foreign Asset Control, Financial Industry Regulatory Authority and Financial Crimes Enforcement Network.

## IV. NOTICE TO THE SETTLEMENT CLASS AND COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS

### A. Preliminary Approval by the Court

85. As soon as reasonably practicable following the Execution Date, Plaintiffs will submit the proposed settlement to the Court and request the entry of the Preliminary Approval Order (a) preliminarily certifying the Settlement Class, appointing Class Representatives for the Settlement Class, appointing Class Counsel as counsel for the Settlement Class, and appointing the Settlement Administrator, (b) preliminarily approving the proposed settlement as appearing sufficiently fair, adequate, and reasonable to warrant the dissemination of Settlement Class Notice, and (c) setting a date for a Fairness Hearing. Plaintiffs will share a draft of the motion seeking preliminary approval of the settlement with TLIC at least three business days before the motion is filed.

### B. Settlement Class Notice

86. Subject to the requirements of any orders entered by the Court, and no later than 45 days after the Preliminary Approval Date, the Settlement Administrator will send Settlement Class Notice by first-class mail to the last known address in TLIC's records for each reasonably-identifiable person and/or entity in the Settlement Class, as well as publication notice through the Settlement Class Website established by the Settlement Administrator. The Settlement Class Notice will consist of the content described in Paragraph 88 below.

87. The mere mailing of Settlement Class Notice to a person or entity that is not in the Settlement Class, as defined herein, will not render such person or entity a part of the Settlement Class or otherwise entitle such person to participate in this Settlement.

18

C.   **Settlement Class Notice Content**

88.   The Settlement Class Notice to be submitted to the Court for approval shall include the following content:

a.   contain a short, plain statement of the background of the Action and the proposed Settlement;

b.   describe the category of persons and entities in the Settlement Class and inform such persons and entities that, if they do not exclude themselves from the Settlement Class, they may be eligible to receive relief under the proposed settlement;

c.   describe the proposed Settlement Relief;

d.   explain the impact of the proposed settlement on the pending Action;

e.   describe the effect of the release included in the proposed settlement;

f.   state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed Settlement Agreement as fair, reasonable and adequate;

g.   explain that a Settlement Class Member may request exclusion from the Settlement Class by mailing a written Request for Exclusion to the Settlement Administrator postmarked no later than 45 days after the Notice Date, or such other deadline approved by the Court;

h.   explain that a Settlement Class Member who has not submitted a written Request for Exclusion may, if he or she desires, object to the proposed settlement by filing a written statement of objections with the Court and serving such written objection on counsel for the respective Parties (as identified in the Settlement Class Notice) no later than 45 days after the Notice Date, or as otherwise determined by the Court;

19

i. explain that a Settlement Class Member who has filed a timely and proper objection to the proposed settlement may appear at the Fairness Hearing, either personally or through counsel, provided that notice of the intention to appear is filed with the Court no later than 14 days before the Fairness Hearing, or as otherwise determined by the Court;

j. explain that any judgment entered in the Action, whether favorable or unfavorable to the Settlement Class, will include and be binding on all Settlement Class Members even if they have objected to Court approval of the proposed Settlement Agreement;

k. explain that a Settlement Class Member should consult their own tax advisors regarding the tax consequences of the proposed settlement, including but not limited to, any payments and payment periods provided hereunder, and any tax reporting obligations they may have with respect thereto; and

l. explain the provisions of this Settlement Agreement relating to attorneys' fees, expenses, and service awards including those in Sections VIII and IX, and explain that individual Settlement Class Members will be responsible themselves for the fees and costs of any persons they may retain to represent them for any reason, including, but not limited to, counsel retained in connection with the filing of an objection or attendance at the Fairness Hearing.

89. The Settlement Class Notice will conform to the manner and form agreed on by the Parties and approved by the Court. The proposed form of the Settlement Class Notice as agreed on by the Parties is attached hereto as **Exhibit A**.

90. Class Counsel will also publish the Settlement Class Notice through the Settlement

20

Class Website with more information and links to important documents relating to the Action and the proposed settlement. The costs of the establishment and maintenance of the Settlement Class Website are considered Settlement Administration Expenses.

### D. Address Verification; Re-mailing

91. Prior to the mailing of the Settlement Class Notice, the Settlement Administrator will run the mailing list for the Class Notice through the U.S. Postal Service's National Change of Address Database for verification and correction of addresses to attempt to reduce the number of returned mail items. In the case of Settlement Class Notices undelivered and returned by the U.S. Postal Service, the Settlement Administrator will: (a) re-mail any Settlement Class Notice so returned with a forwarding address, and (b) (1) make reasonable efforts to attempt to find an address for any returned Settlement Class Notice that does not include a forwarding address, or (2) retain a commercial address verification service for this purpose. The Settlement Administrator will re-mail the Settlement Class Notice to each person and entity in the Settlement Class for which it or the address research service provides an updated address.

### E. Notice Under the Class Action Fairness Act

92. Within 10 days following the filing of this Settlement Agreement for preliminary approval by the Court, TLIC will serve notices of the proposed settlement upon the appropriate officials in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The cost of any CAFA notice is the sole responsibility of TLIC and will not be paid from the Settlement Fund.

### F. Communication with Settlement Class Members, Claimants, and Policyowners

93. TLIC will not be privy to or respond to inquiries between Settlement Class Members and their counsel (including Class Counsel) regarding the Action or the Settlement

21

Docusign Envelope ID: 08550E9C-66AC-4BEE-A438-2261356A2E17

Relief. However, TLIC reserves the right to communicate with, and to respond to inquiries directed to it from or on behalf of, insureds, beneficiaries, Policyowners, and Settlement Class Members, orally and/or in writing, regarding matters not involving the Action or the proposed settlement in the normal course of administering the Settlement Class Policies or otherwise in the ordinary course of business, and may do so through any appropriate agents or agencies. If, however, TLIC receives any inquiry from a Settlement Class Member specifically relating to the Action or the Settlement Agreement, TLIC will refer the Settlement Class Member to Class Counsel and/or the Settlement Administrator. Nothing in this Paragraph will preclude TLIC or TLIC's Counsel from communicating with an attorney representing any Policyowner.

94. TLIC may continue to process and respond to insured, beneficiary or Policyowner complaints, including complaints submitted to TLIC by regulators, notwithstanding that some complaints may originate with Settlement Class Members and may concern claims relating to Settlement Class Policies that otherwise could be eligible for Settlement Relief under the Settlement Agreement. In addition, TLIC will refer the Settlement Class Member to Class Counsel and/or the Settlement Administrator. Nothing within this Paragraph shall apply to Policyowners who file a timely and proper written Request for Exclusion in accordance with Section V.

## V. REQUESTS FOR EXCLUSION

95. Any Policyowner that wishes to be excluded from the Settlement Class must submit to the Settlement Administrator a written Request for Exclusion sent by U.S. mail and postmarked no later than 45 days from the Notice Date, or any other deadline so ordered by the Court. Class Counsel will file a list of all valid Requests for Exclusion with the Court 14 days prior to the Fairness Hearing.

96. To be in proper form, subject to Court approval, the Request for Exclusion must

22

include: (a) the name of the Action: *Estate of Handorf, et al. v. Transamerica Life Insurance Company*, Case No. 1:23-cv-32, pending in the United States District Court for the Northern District of Iowa; (b) the full name of the person requesting exclusion, the Policyowner name(s), mailing address, email address (optional), and telephone number; (c) the Policy number(s) to be excluded from the Settlement Class, (d) the personal signature of all Policyowners; and (e) the words "Request for Exclusion" or a clear and similar statement that the Policyowner(s) does not want to participate in the settlement. If there are multiple Policyowners with respect to a single Policy (such as spouses), all owners must sign unless the signatory holds and submits a copy of a valid power of attorney to act on behalf of all owners of the Policy.

97. A Policyowner that owns multiple Policies cannot exclude less than all Policies owned. If a Policyowner that owns multiple Policies submits a Request for Exclusion of less than all Policies owned, that Request will serve to exclude all Policies owned, but the Request for Exclusion must still list all Policies. However, a Policyowner who owns multiple Policies in a representative or agency capacity (such as a trustee, securities intermediary, or other similar agency) for more than one principal, may request to exclude Policies held on behalf of one principal while participating in the settlement with respect to Settlement Class Policies held by other principals.

98. If the Settlement Administrator determines that a person or entity submitting a Request for Exclusion with respect to a Policy is not the same person or entity reflected in the Notice List, then the Settlement Administrator shall require the person or entity submitting the Request for Exclusion to provide proof of ownership of the Policy or Policies in question. If proof of ownership is provided, the Settlement Administrator must provide notice to Class Counsel and TLIC's Counsel. The Parties and their Counsel will jointly determine whether sufficient proof of

23

ownership was provided. The Court shall resolve any disputes of ownership or exclusion that cannot be reasonably resolved by the Parties and the Parties' Counsel.

99. The Settlement Administrator will maintain the Post Office Box to which Requests for Exclusion are required to be sent, monitor exclusion requests for accuracy and completeness, request any needed clarifications, and provide copies of all such materials to Class Counsel and TLIC's Counsel.

100. Every Settlement Class Member that does not file a timely and proper written Request for Exclusion in accordance with this Section V will be bound by all subsequent proceedings, orders, and judgments in the Action.

## VI. OBJECTIONS TO THE SETTLEMENT

101. Any Settlement Class Member that has not filed a timely and proper written Request for Exclusion and that wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement must file with the Court a statement of objection ("Statement of Objection") and serve such written objections on counsel for the respective Parties (as identified in the Settlement Class Notice) within 45 days after the Notice Date, or as otherwise determined by the Court.

102. To be in proper form, the Statement of Objection must include: (a) the name of the Action: *Estate of Handorf, et al. v. Transamerica Life Insurance Company*, Case No. 1:23-cv-32, pending in the United States District Court for the Northern District of Iowa; (b) the full name of the person filing the Statement of Objection, the Settlement Class Member's name(s), mailing address, email address (optional), and telephone number; (c) the Settlement Class Policy number(s), (d) the personal signature of all Settlement Class Members; (e) a statement that the Settlement Class Member objects to the settlement, in whole or in part, (f) an explanation of the

24

legal and factual basis for the objection, (g) copies of any papers, briefs, or other documents upon which the objection is based, (h) a list of all persons who will be called to testify in support of the objection, if any, and (i) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing, and if represented by counsel, the identity of all attorneys representing the objecting Settlement Class Member.  If there are multiple Policyowners with respect to a single Settlement Class Policy (such as spouses), all Settlement Class Members must sign unless the signatory holds and submits a copy of a valid power of attorney to act on behalf of all owners of the Settlement Class Policy.

103.    Any Settlement Class Member who timely files a proper written Statement of Objection in accordance with Paragraph 102 may appear at the Fairness Hearing in support of the objection.  If a Settlement Class Member is represented by counsel as identified in the Statement of Objection, the attorney must file a notice of appearance with the Clerk of the Court no later than 14 days before the Fairness Hearing, or any other date required by the Court. A Settlement Class Member who appears at the Fairness Hearing by counsel or otherwise will be permitted to argue only those matters that were set forth in the written Statement of Objection filed by such Settlement Class Member in accordance with this Section VI.  No Settlement Class Member will be permitted to raise matters at the Fairness Hearing that the Settlement Class Member could have raised in such a written Statement of Objection but failed to do so, and any objection to the settlement that is not set forth in such a written Statement of Objection is deemed waived. Any Settlement Class Member who fails to comply with the applicable provisions of this Settlement Agreement and the Class Notice, and as otherwise ordered by the Court, will not be permitted to appear at the Fairness Hearing.

104.    Any Settlement Class Member who fails to comply with the provisions of this

25

Section VI will waive and forfeit any and all rights he, she, or it may have to appear separately and/or object to the settlement, and will be bound by all the terms of this Settlement Agreement and by all proceedings, orders, and judgments in the Action.

105. A Settlement Class Member's objection to the settlement will not affect his or her rights to participate in the Settlement Relief.

106. The Parties may serve and file responses to written objections at least 14 days prior to the Fairness Hearing, or as otherwise directed by the Court.

107. The Settlement Class Notice shall advise Settlement Class Members of their rights to object to the settlement and the manner required to do so pursuant to the provisions in this Settlement Agreement.

## VII.   RELEASES AND WAIVERS

108. In consideration of the promises and covenants of settlement between and among the Parties and as further contained in this Settlement Agreement (including, but not limited to, the compensation to Settlement Class Members), the Releasors hereby expressly release and discharge Releasees from and against any and all claims, causes of action, debts, liabilities, damages, restitution, equitable, legal and administrative relief, known and unknown, at law or in equity, whether brought directly or indirectly, including any further claim to recovery or relief as a result of action by any state or federal government agency, which the Releasors ever had, now have or hereafter may have against the Releasees, from the beginning of time through the Final Settlement Date, arising out of or relating to the MDRs or COI rates assessed on the Settlement Class Policies, and including any claims or causes of action that were or could have been alleged in the FAC that are based on the same factual predicate, regardless of which Class or Subclass the Settlement Class Member belongs to (collectively and together with the provisions in Paragraph

26

112, the "Released Claims"). Releasors hereby expressly further agree that they will not now or hereafter institute, maintain, assert, join, or participate in, either directly or indirectly, on their own behalf, on behalf of a class, or on behalf of any other person or entity, any action or proceeding of any kind against Releasees asserting the foregoing Released Claims. Notwithstanding the foregoing, Released Claims do not include (a) any claims arising out of any new MDR or COI rate schedule increase that occurs after the Execution Date (other than age-based increases occurring under the current rate schedules); (b) any claim for payment of a death benefit; (c) any claims or rights to otherwise enforce the terms of a Policy unrelated to the 2022/23 MDR Increases; or (d) any claims to enforce the Settlement. Further, to the extent that a Settlement Class Member owns insurance policies issued by TLIC other than the Settlement Class Policies, this release, and the terms of this Settlement Agreement, shall not limit or otherwise affect in any way the rights of that Settlement Class Member with respect to such policies.

109. In consideration of the promises and covenants of settlement between and among the Parties and as further contained in this Settlement Agreement (including, but not limited to, the compensation to Settlement Class Members and the agreements set forth in Paragraph 83 relating to the MDR Increase Protection Benefit), the Releasors hereby expressly prospectively release and discharge Releasees from and against any and all claims, causes of action, debts, liabilities, damages, restitution, equitable, legal and administrative relief, known and unknown, at law or in equity, whether brought directly or indirectly, including any future claim to recovery or relief as a result of action by any state or federal government agency, which the Releasors may hereafter have against the Releasees, from the Final Settlement Date through the end of time, arising out of or relating to the MDRs or COI rates assessed through the 2022/23 MDR Increases on the Settlement Class Policies.

27

110.     In consideration of the promises and covenants of settlement between and among the Parties and as further contained in this Settlement Agreement (including but not limited to, the compensation to Settlement Class Members), TLIC hereby expressly releases and discharges Plaintiffs, Class Counsel, and Settlement Class Members from and against any and all claims, causes of action, debts, liabilities, damages, restitution, equitable, legal and administrative relief, known and unknown, at law or in equity, whether brought directly or indirectly, arising out of or relating to the filing, prosecution, or resolution of claims against TLIC alleged in the Action.

111.     In connection with the forgoing releases, Releasors acknowledge that there is a risk subsequent to the execution of this Settlement Agreement that Releasors may discover one or more claims or incur or suffer a loss, damage or injury that arises out of or relates to the claims asserted in the Action or to the MDRs or COIs assessed on the Settlement Class Policies, but that are unknown or unanticipated at the time of execution of the Settlement Agreement. Further, there is a risk that the losses or damages currently known relating to the facts and allegations raised in the Action may be or become greater or less than Releasors now expect or anticipate. Releasors assume this risk and acknowledge that the release provisions in this Section VII shall apply to all unknown or unanticipated results, as well as those known and anticipated, and by operation of the Final Approval Order and judgment, Releasors shall have expressly waived the provisions of Section 1542 of the California Civil Code as follows:

**112.     RELEASORS EXPRESSLY UNDERSTAND THAT SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA PROVIDES:**

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE**

28

**RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

**TO THE EXTENT THAT CALIFORNIA OR OTHER SIMILAR FEDERAL OR STATE LAW MAY APPLY (BECAUSE OF OR NOTWITHSTANDING THE PARTIES' CHOICE OF LAW IN THIS SETTLEMENT AGREEMENT), RELEASORS HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 AND ALL SIMILAR FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES, TO THE EXTENT THEY ARE FOUND TO BE APPLICABLE HEREIN, ARE HEREBY EXPRESSLY AND VOLUNTARILY WAIVED AND RELINQUISHED BY RELEASORS TO THE MAXIMUM EXTENT PERMITTED BY LAW, AND RELEASORS HEREBY AGREE THAT THIS IS AN ESSENTIAL TERM OF THE RELEASE.**

113. The Parties agree and acknowledge that the release provisions of this Section VII together constitute an essential term of the Settlement Agreement.

114. Nothing in the foregoing releases will preclude any action to enforce the terms of this Settlement Agreement.

115. The Parties expressly agree that the provisions of this Section VII shall be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the Released Claims. The Releasors further agree that, following the Final Approval Date, they shall not institute, maintain, assert, join, or participate in, either directly or indirectly, on their own behalf, or behalf of a class, or on behalf of any other person or entity, any action or proceeding of any kind against the Releasees relating to the Released Claims as defined under this Section VII.

116. It is the intention of the Plaintiffs, on behalf of themselves and the Settlement Class,

29

in executing this Settlement Agreement, to fully, finally, and forever settle and release all Released Claims as defined under this Section VII, known or unknown, and which now exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Released Claims. Upon the Final Settlement Date, the Releasors shall be deemed to have, and by operation of the Final Approval Order and judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees of and from all Released Claims as defined under this Section VII. Releasors acknowledge that the Final Approval Order and judgment shall have res judicata, collateral estoppel and claim-preclusion effect in any court to the fullest extent permitted by law as to all Released Claims.

## VIII. SERVICE AWARDS

117. Class Counsel will move for a Service Award from the Final Settlement Fund in an amount up to but not more than $25,000 for each Class Representative appointed by the Court. TLIC will not oppose Plaintiffs' motion for Service Awards for the Class Representatives. The purpose of such Service Awards will be to compensate Plaintiffs for their efforts undertaken on behalf of the Settlement Class.

118. No such service award will in any way diminish or prejudice any Settlement Relief which the recipient is otherwise eligible to receive as a member of the Settlement Class.

119. The Settlement Administrator shall effectuate payment of the Service Awards from the Final Settlement Fund within seven business days after the Final Settlement Date.

## IX. ATTORNEYS' FEES AND LITIGATION EXPENSES

120. Class Counsel will move for attorneys' fees not to exceed 33 1/3% of the gross benefits provided to the Settlement Class, and reimbursement for all expenses incurred or to be incurred, payable only from the Final Settlement Fund. Class Counsel's fees and expenses, as awarded by the Court shall be paid from the Final Settlement Fund within seven business days

30

after the Final Settlement Date. TLIC agrees not to oppose Plaintiffs' motion for Class Counsel's fees and expenses to the extent Plaintiffs' request does not exceed the amounts set forth in this Paragraph. Class Counsel will, in its sole discretion, allocate and distribute the fees and expenses that they receive pursuant to this Settlement among Class Counsel and any and all other counsel, if applicable.

121. The Class Counsel's fees and expenses, and Service Awards approved by the Court based on the Class Fee and Expense Application will be set forth in the Class Fee and Expense Order, which will be separate from the Final Approval Order so that any appeal of one will not constitute an appeal of the other. No order or proceedings relating to Class Counsel's attorneys' fees and expense application and Service Awards, nor any appeal from the Class Fee and Expense Order including Service Awards, or reversal or modification thereof, will operate to terminate or cancel this Settlement Agreement or otherwise delay the Final Approval Date or the Final Settlement Date.

122. No Party or Parties' Counsel will be liable or obligated to pay any fees, expenses, costs, or disbursements to any person, either directly or indirectly, in connection with the Action, this Settlement Agreement, or the proposed settlement, other than those expressly provided in this Settlement Agreement as being payable by such party.

123. The Parties agree that the Settlement Agreement is not conditioned on the Court's approval of any Service Awards nor Class Counsel's fees and expenses.

## X. FINAL APPROVAL AND DISBURSEMENT OF THE SETTLEMENT RELIEF

124. At or after the Fairness Hearing, and upon the Court's approval of this Settlement Agreement, the Parties will request from the Court entry of both (a) the Final Approval Order, and (b) the Class Fee and Expense Order.

125. The Final Approval Order proposed by the Parties will, among other things: (a)

31

approve the proposed settlement and the Settlement Relief as fair, reasonable, and adequate; (b) dismiss the Action with prejudice pursuant to Federal Rule of Civil Procedure 41, with jurisdiction retained by the Court to enforce the terms of the Settlement Agreement; and (c) permanently enjoin all Settlement Class Members who do not execute and timely file a Request for Exclusion from the Settlement Class from filing, prosecuting, maintaining, or continuing litigation based on or related to the claims or facts alleged in the Action.

126.    The Class Fee and Expense Order will award any Service Awards, and Class Counsel attorneys' fees and litigation expenses to be paid from the Final Settlement Fund.

127.    Within 60 days after the Final Settlement Date or as otherwise provided in the Final Approval Order, the Settlement Administrator shall disburse the cash Settlement Relief by mailing a check to each Settlement Class Member.

## XI.    MODIFICATION OR TERMINATION OF THIS SETTLEMENT AGREEMENT

128.    The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided however, the Parties may by agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including the exhibits hereto) without notice to or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order, the Court's Final Approval Order, and/or the Court's Class Fee and Expenses Order as applicable.

129.    If the Court does not enter final approval of the settlement reflected in this Agreement, conditions its approval on any modifications of this Agreement that are not acceptable to the Parties, or if for any other reason the Final Settlement Date does not occur, then this Agreement will be deemed null and void ab initio. In that event: (a) any certification of any Settlement Class will be vacated and the Parties will be returned to their positions with respect to

32

the Action as if the Agreement between the Parties had not been entered into, except that no Settlement Administration Expenses shall be recouped; (b) any Court orders preliminarily or finally approving the Settlement shall be vacated by their own terms; and (c) the terms of this Agreement, the fact that TLIC did not oppose the provisional certification of the Settlement Class, or that the Court preliminarily approved certification of the Settlement Class, shall not be admissible in evidence for any purpose in the Action or any other proceeding.

130.    TLIC and the Plaintiffs each have the option, but not the obligation, to terminate this Settlement Agreement if: (a) the Court or an appellate court(s) with jurisdiction over any appeal taken from the Court, rejects, modifies, or denies approval of any material portion of this Settlement Agreement; or (b) the Court, or any appellate court(s) with jurisdiction over any appeal taken from the Court, does not enter or completely affirm, or modifies, alters, narrows or expands, any material portion of the Final Approval Order.  The terminating Party must exercise the option provided in this Paragraph to withdraw from and terminate this Settlement Agreement in writing no later than 10 days after receiving notice of the event prompting the termination.  Any disputes between or among the Parties regarding this termination provision shall be first presented to the Mediator for potential resolution and, absent resolution, to the Court for a determination. If the Settlement Agreement is so terminated, the Parties will be returned to their *status quo ante*.

131.    Notwithstanding the preceding Paragraph, no Party may terminate this Settlement Agreement based on the amount of attorneys' fees and expenses and Service Awards awarded or approved by the Court or any appellate court(s).

132.    Notwithstanding anything in this Settlement Agreement, if the aggregate amount of the Proportionate MDs attributable to Policies for which a Request for Exclusion is submitted exceeds the percentage described in the Confidential Termination Agreement between the Parties,

33

the Parties will have the option, in their sole and absolute discretion, to withdraw from the settlement and terminate this Settlement Agreement in writing no later than 14 days from the close of the exclusion period. The Confidential Termination Agreement shall be disclosed to the Court *in camera* should the Court so request.

133. The Parties agree to keep the content of the Confidential Termination Agreement strictly confidential. TLIC may disclose the other terms of the settlement as necessary in its public disclosures and press releases or to its shareholders, rating agencies, regulators or accountants. Plaintiffs may disclose the other terms of the settlement publicly as Class Counsel deems reasonably appropriate and necessary, or as necessary to comply with applicable law or regulation.

134. If this Settlement Agreement is terminated or deemed void pursuant to this Section XI, then:

   a. This Settlement Agreement will be null and void and will have no force or effect, and no party to this Settlement Agreement will be bound by any of its terms;

   b. All Parties will bear their own costs and expenses incurred in connection with the terminated settlement approval process, except that no Settlement Administration Expenses shall be recouped;

   c. Releasees, including TLIC, expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Action;

   d. Plaintiffs expressly and affirmatively reserve all arguments, assertions and all motions as to all claims that have been or might later be asserted in the Action;

   e. All provisions of this Settlement Agreement, and all negotiations, statements, and proceedings relating to this Settlement Agreement, will be without prejudice to the

34

rights of TLIC, Plaintiffs, or any Settlement Class Member, all of whom will be restored to their respective positions existing immediately before the Execution Date; and

f. This Settlement Agreement, the fact of its having been made, the negotiations leading to it, and/or any action taken by a Party or Settlement Class Member pursuant to this Settlement Agreement will not be admissible or entered into evidence for any purpose whatsoever in any other legal proceeding other than the Action.

## XII.   GENERAL MATTERS AND RESERVATIONS

135.   The Parties and the Parties' Counsel agree that their discussions and the information exchanged in the course of negotiating this settlement are confidential under the terms of the mediation agreement signed by the Parties in connection with the mediation session with the Mediator and follow-up negotiations between the Parties' Counsel.  Such exchanged information was made available on the condition that neither the Parties nor their counsel may disclose it to third parties (other than experts or consultants retained by the Parties in connection with the Action), and that it not be publicly disclosed or used by the Parties or their counsel in any way in the Action should it not settle, or in any other proceeding; provided, however, that nothing contained herein will prohibit the Parties from referring to the existence of such information in connection with the settlement of the Action.

136.   The Parties and the Parties' Counsel agree that the Confidential Information made available to them through the discovery process was made available on the condition that neither the Parties nor their counsel may disclose it to third parties except in accordance with the terms of the Amended Stipulated Protective Order.  The Parties agree to comply with the Amended

35

Stipulated Protective Order with respect to the return or destruction of Confidential Information. Notwithstanding any agreement to return or destroy Confidential Information, Class Counsel may retain (i) attorney work product; (ii) email communications between the Parties; and (iii) all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under the Amended Stipulated Protective Order.

137. TLIC agrees to provide all data reasonably necessary for Class Counsel to effectuate the distribution of Class Notice, the implementation of any Plan of Allocation, and distribution of payments to Settlement Class Members.

138. The Parties will attempt to resolve any disputes that may arise concerning the interpretation of this Settlement Agreement in good faith. The Parties agree to mediate any disputes regarding the interpretation of this Settlement Agreement or exhibits attached hereto with the Mediator prior to seeking Court involvement. If the Parties fail to resolve the dispute after mediation, the Court retains jurisdiction to resolve such disputes without regard to any mediator recommendation.

139. Class Counsel represents that they (a) are authorized to enter into this Settlement Agreement on behalf of Plaintiffs and (b) are doing so to protect the best interests of the Settlement Class.

140. The Class Representatives represent and certify that: (a) they have agreed to serve as representatives of the Settlement Class proposed to be certified for settlement purposes herein; (b) they remain willing, able, and ready to perform all of the duties and obligations of a representative of the Settlement Class; (c) they are familiar with the allegations in the Action, including the FAC, or have had the contents of such allegations described or conveyed to them; (d) they have consulted with Class Counsel about the Action (including discovery conducted in

36

the Action), this Settlement Agreement, and their obligations as class representatives; (e) they have authorized Class Counsel to execute this Settlement Agreement on their behalf; and (f) they will remain and serve as a Class Representative of the Settlement Class until the terms of this Settlement Agreement are effectuated and fully implemented, this Settlement Agreement is terminated in accordance with its terms, or, with respect to an individual Plaintiff, the Court at any time determines that said Plaintiff cannot represent the Settlement Class.

141. The undersigned TLIC representatives represent that they are authorized to enter into this Settlement Agreement on behalf of TLIC.

142. This Settlement Agreement, including the exhibits hereto, which are an integral part of this Settlement Agreement, sets forth the entire agreement among the Parties with respect to its subject matter, and it may not be altered or modified except by written instrument executed by all Parties' Counsel or authorized representatives. The Parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed or referred to in this Settlement Agreement exist among or between them.

143. The terms "he or she" and "his or her" include "it" or "its," where applicable. Defined terms expressed in the singular also include the plural form of such term, and vice versa, where applicable.

144. This Settlement Agreement and any ancillary agreements will be governed by and interpreted in accordance with the laws of the State of Iowa, without reference to its choice of law or conflict of laws rules.

145. Whenever this Settlement Agreement requires or contemplates that one Party will or may give notice to the other, notice will be provided by e-mail and/or next-day (excluding Saturday and Sunday) express delivery service as follows:

37

If to TLIC, then to:

> Thomas F.A. Hetherington
> Jarrett Ganer
> Hutson Smelley
> Erin Taylor
> Micah Grodin
> MCDOWELL HETHERINGTON LLP
> 1001 Fannin St. Ste. 2400
> Houston, TX 77002
> Tel: 713-337-5580
> Fax: 713-337-8850
> E-mail:     tom.hetherington@mhllp.com
>                  jarrett.ganer@mhllp.com
>                  hutson.smelley@mhllp.com
>                  erin.taylor@mhllp.com
>                  micah.grodin@mhllp.com

If to Plaintiffs, then to:

> Steven Sklaver
> Glenn Bridgman
> SUSMAN GODFREY LLP
> 1900 Avenue of the Stars, 14th Floor
> Los Angeles, CA 90006
> Tel.: 310-789-3100
> Fax: 310-789-3150
> E-mail:     ssklaver@susmangodfrey.com
>                  gbridgman@susmangodfrey.com

> Seth Ard
> Ryan Kirkpatrick
> SUSMAN GODFREY LLP
> One Manhattan West, 50th Floor
> New York, NY 10001
> Tel.: 212-336-8330
> Fax: 212-336-8340
> E-mail:     sard@susmangodfrey.com
>                  rkirkpatrick@susmangodfrey.com

146.    All time periods set forth herein will be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Settlement Agreement or by order of court, the day of the act, event, or default from which the designated

38

period of time begins to run will not be included. Each other day of the period to be computed will be included, including the last day thereof, unless such last day is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the last day of the period will be the next day that is not one of the aforementioned days. As used in this Paragraph, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Juneteenth National Independence Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

147.    The Parties reserve the right to agree between themselves on any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

148.    The Parties agree that (a) this Settlement Agreement is clear and unambiguous, has been drafted and negotiated by the Parties' Counsel at arm's length, and will not be construed more strictly against any of the Parties; and (b) no parol or other evidence may be offered to explain, construe, contradict, or clarify the terms of this Settlement Agreement, the intent of the Parties or the Parties' Counsel, or the circumstances under which this Settlement Agreement was made or executed.

149.    TLIC considers it desirable for the Action to be settled and dismissed, because this settlement will: (a) provide substantial benefits to Settlement Class Members through processes that provide fair and adequate procedural and substantive protections both to Settlement Class Members and to TLIC; (b) put to rest Plaintiffs' claims and the underlying matters; and (c) avoid the substantial expense, burden, and uncertainties associated with the continued litigation of those

39

claims. In no event may this Settlement Agreement, any of its provisions or any negotiations, statements, or court proceedings relating to them in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this Settlement Agreement. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings will be construed as, offered as, received as, used as, or deemed to be evidence or an adjudication, admission, or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, TLIC or Plaintiffs, or as a waiver by TLIC or Plaintiffs of any applicable claims or defenses.

150.    TLIC represents, warrants, and covenants, as to any payment to be made by or on behalf of TLIC in connection with this Settlement Agreement, at the time such payment is made, TLIC will not be insolvent, nor will the payment required to be made by or on behalf of TLIC render TLIC insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code.

151.    Neither this Settlement Agreement nor any of the relief to be offered under the proposed settlement will be interpreted to alter in any way the contractual terms of any Settlement Class Policy, or to constitute a novation of any Settlement Class Policy, except as expressly provided by this Settlement Agreement or the relief granted in accordance with the terms of this Settlement Agreement.  This Settlement Agreement does not, and will not be deemed to, create any fiduciary or similar relationship between TLIC and any of its current, past, or prospective Policyowners or contract owners.  This Settlement Agreement does not impose, and will not be deemed to impose, any fiduciary or other similar duty on TLIC, and TLIC expressly disclaims any fiduciary or other similar duties.  The duties and obligations assumed by TLIC as a result of this

Settlement Agreement are limited to those expressly set forth in this Settlement Agreement.

152.   No opinion concerning the tax consequences of the proposed settlement to any person or entity in the Settlement Class is given or will be given by TLIC, counsel for TLIC, or counsel for Plaintiffs or for the Settlement Class, nor are any representations or warranties in this regard made by virtue of this Settlement Agreement.  The Settlement Class Notice will direct persons and entities in the Settlement Class to consult their own tax advisors regarding the tax consequences of the proposed settlement, including the tax consequences of any payments, credits, and payment periods provided for hereunder, and any tax reporting obligations they may have with respect thereto.  The tax obligations of each Settlement Class Member, and the determination thereof, are the sole responsibility of each such person and entity, and it is understood that the tax consequences of the settlement may vary depending on the particular circumstances of each such person and entity.

153.   All taxes resulting from the tax liabilities of the Settlement Fund shall be paid solely out of the Final Settlement Fund.

154.   No Party shall be deemed the prevailing party for any purposes of this Action.

155.   The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Settlement Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Settlement Agreement.

156.   The Parties, their successors and assigns, and their attorneys agree to cooperate fully with one another in seeking court approval of this Settlement Agreement and in preparing all final approval papers and to use their commercially reasonable best efforts to affect the prompt consummation of this Settlement Agreement and the proposed settlement.

157.   This Settlement Agreement may be signed in counterparts, whether by hand or

Docusign Envelope ID: 08550E9C-66AC-4BEE-A438-2261356A2E17

electronically by DocuSign, each of which will constitute a duplicate original.

42

Docusign Envelope ID: DF7BBFBC-E124-82CE-81F8-A10CDF358041

**ESTATE OF LAWRENCE HANDORF, BY AND THROUGH ITS ADMINISTRATOR MELISSA BARGER:**

Agreed to this <u>13</u> day of <u>March</u>, 2026.

By: <u>        </u> _DocuSigned by:_ Melissa Barger
2270E3912D33401...
Name: Melissa Barger
Title:  Administrator

43

**BLACKOAK LIFE LIMITED AS GP FOR BLACKOAK INVESTORS LP:**

Agreed to this  13th  day of _____March_____, 2026.

By: _____

Name: Patrick McAdams

Title: Director

Docusign Envelope ID: DF7BBFBC-E124-82CE-81F8-A10CDF358041

**PHT HOLDING II LP:**

Agreed to this \_\_13\_\_ day of \_\_\_\_\_March_____, 2026.

By: _____
Signed by: Andrew Plevin
3458C3942B3B44E...

Name: Andrew Plevin

Title: Co-CEO

45

Case 1:23-cv-00032-CJW-MAR    Document 185-4    Filed 03/17/26    Page 47 of 68

**TRANSAMERICA LIFE INSURANCE COMPANY:**

Agreed to this __16__ day of ___March_____, 2026:

DocuSigned by:

*Bonnie Gerst*

By:_____
—662307BBE8384C3...

Name: Bonnie Gerst
Title: President, Financial Assets

46

**APPROVED ONLY AS TO FORM**

**For Plaintiffs:**

Agreed to this 17th day of __March__ , 2026:

By: _____

Name: Steven G. Sklaver
Firm: Susman Godfrey L.L.P.

**For Transamerica Life Insurance Company:**

Agreed to this _17th_ day of __March__ , 2026:

By: _____

Name: Jarret E Ganer
Firm: McDowell Hetherington LLP

47

# Exhibit A

TLIC MDR Settlement
 c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

First-Class
Mail
US Postage
Paid
Permit #__

***Estate of Handorf, et al. v. Transamerica
Life Insurance Company***
Case No. 2:23-cv-00032-CJW-MAR

> IF YOU OWNED CERTAIN <u>UNIVERAL LIFE
> POLICIES</u> ISSUED BY
> **TRANSAMERICA LIFE INSURANCE COMPANY**
> AND SUBJECT TO RATE INCREASES
> <u>ON OR AFTER NOVEMBER 1, 2021,</u>
> A CLASS ACTION LAWSUIT MAY AFFECT YOUR
> RIGHTS, AND ENTITLE YOU TO BENEFITS AND
> A <u>CASH PAYMENT</u>.

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*
*You are <u>not</u> being sued.*

# «Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

**THIS NOTICE IS ONLY A SUMMARY.
VISIT WWW.[SETTLEMENTWEBSITE].COM
OR SCAN THIS QR CODE
FOR COMPLETE INFORMATION.**



1:23-cv-00032-CJW-MAR    Document 185-4    Filed 03/17/26    Page 51

**Why am I receiving this notice?** A Settlement has been reached with Transamerica Life Insurance Company ("TLIC") in a class action lawsuit ("Settlement"). The lawsuit claims that TLIC allegedly imposed unlawful cost of insurance ("COI") rate or monthly deduction rate ("MDR") increases on certain universal life insurance policies, which TLIC denies. The Court has not decided whether any laws were broken. The parties have agreed to settle to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available online.

**Who is included in the Settlement?** The Court has defined the Settlement Class as: "All persons or entities who presently own or formerly owned a Settlement Class Policy during the Settlement Class Period." Excluded are the Court, TLIC, Class Counsel, and related individuals and entities. The Settlement Class Period is any time since November 1, 2021. A complete list of Settlement Class Policies is available online.

**What are the Settlement benefits?** TLIC will establish a Settlement Fund of up to $57,000,000. TLIC will not impose additional MDR or COI schedule increases on Settlement Class Policies until February 2031, unless ordered to do so by a state regulatory body. TLIC also agrees that it will not take certain legal actions or assert certain legal defenses challenging death claims for any Settlement Class Member, as outlined in the Settlement Agreement available online. After paying settlement administration costs, attorneys' fees, litigation costs, and a service award for each Class Representative, the remaining amount will be distributed to Settlement Class Members in proportion to their share of the overall alleged MDR or COI overcharges collected from the Class, subject to a minimum payment according to the Plan of Allocation, which is available online.

**How do I receive a benefit? You do not need to do anything to receive your payment.** A check will be mailed to you at the address in TLIC's records. If you need to update your mailing address, please contact the Settlement Administrator.

**What if I don't want to participate in the Settlement?** If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue TLIC for the claims made in this lawsuit. If you exclude yourself, you cannot get Settlement benefits. If you want to object to the Settlement, you may file an objection by **[Objection Deadline].** The Settlement Agreement, available online, explains how to exclude yourself or object.

**When will the Court approve the Settlement?** The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorney's fees of up to 33 1/3% of the value of the gross benefits provided by the Settlement; reimbursement of all litigation costs; and up to $25,000 as a Service Award for each of the Class Representatives for their efforts undertaken on behalf of the Settlement Class. You may attend the hearing at your own cost, but you do not have to.

www.[SettlementWebsite].com

# Exhibit B

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Estate of Handorf, et al. v. Transamerica Life Insurance Company*
Case No. 2:23-cv-00032-CJW-MAR
U.S. District Court for the Northern District of Iowa

**IF YOU OWNED A <u>UNIVERAL LIFE POLICY</u> ISSUED BY
TRANSAMERICA LIFE INSURANCE COMPANY**
THAT WAS SUBJECT TO A COST OF INSURANCE RATE OR MONTHLY
DEDUCTION RATE INCREASE <u>DURING OR AFTER NOVEMBER 1, 2021</u>.
A CLASS ACTION LAWSUIT MAY AFFECT YOUR RIGHTS**.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

## What is this lawsuit about?

- The class action lawsuit alleges that Transamerica Life Insurance Company ("TLIC" or "Defendant") breached its contracts with certain Policyowners and improperly raised cost of insurance ("COI") rates or monthly deduction rates ("MDR") on those policies. From 2022 to 2023, policyholders were issued letters announcing that their insurance policies would be subject to an increase in the COI rates or MDRs on their policies (the "2022/23 MDR Increases"). Plaintiffs assert that the 2022/23 MDR Increases violated the terms of the Policyowners' contracts and that Plaintiffs and members of the Settlement Class have been damaged as a result.

- The lawsuit is called *Estate of Handorf, et al. v. Transamerica Life Insurance Company*, Case No. 2:23-cv-00032-CJW-MAR. It is pending in the U.S. District Court for the Northern District of Iowa (the "Action").

- TLIC denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to a proposed settlement of the Action (the "Settlement") to avoid the costs, risks, disruptions, delays, and uncertainties of continuing the Action. If the Court approves the Settlement, Settlement Class Members will be eligible to receive payment from a cash Settlement Fund of $57,000,000. The Settlement Fund will be reduced proportionally if there are any opt-outs from the Settlement Class. No portion of the Final Settlement Fund will be returned to TLIC.   TLIC has also agreed not to:

- Impose any new additional COI rate or MDR schedule increases on policies covered by the Settlement for a period of five years, unless ordered to do so by a state regulatory body, and

- Cancel, void, rescind, or deny a death claim submitted under the Settlement Class members' policies or contest the validity of a policy based on an alleged lack of insurable interest or misrepresentation made in connection with the original application process under any applicable law or equitable principles.

- TLIC's records indicate that you are a Settlement Class Member and entitled to benefits under the Settlement.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **DO NOTHING** | Automatically receive a payment in the mail if you are entitled to one and be bound by the Settlement. | No Deadline |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefits or payment from the Settlement. This option allows you to sue TLIC, at your own expense, for the claims in this case. | **_____, 2026** |
| **OBJECT TO THE SETTLEMENT** | Tell the Court what you do not like about the Settlement. The purpose of an objection to the Settlement is to persuade the Court not to approve the proposed Settlement. | **_____, 2026** |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ...................................................................................................3

WHO IS IN THE SETTLEMENT............................................................................................4

THE SETTLEMENT BENEFITS .............................................................................................4

RECEIVING YOUR SETTLEMENT PAYMENT.........................................................................6

THE LAWYERS REPRESENTING YOU...................................................................................6

EXCLUDING YOURSELF FROM THE SETTLEMENT................................................................7

COMMENTING ON OR OBJECTING TO THE SETTLEMENT....................................................7

THE COURT'S FINAL APPROVAL HEARING.........................................................................8

IF I DO NOTHING ...........................................................................................................9

GETTING MORE INFORMATION .......................................................................................9

# Basic Information

## 1. Why was this Notice issued?

The U.S. District Court for the Northern District of Iowa authorized this Notice. You have a right to know about the proposed Settlement of the Action and about all of your options, before the Court decides whether to approve the Settlement. This Notice explains the Action, your legal rights, what benefits are available, and who can receive them.

The Action is called *Estate of Handorf, et al. v. Transamerica Life Insurance Company*, Case No. 2:23-cv-00032-CJW-MAR. It is pending in the U.S. District Court for the Northern District of Iowa before Chief Judge C.J. Williams. The people that filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the company they sued, Transamerica Life Insurance Company, is called the "Defendant."

## 2. What is this lawsuit about?

The Action alleges that TLIC violated provisions of certain universal life insurance policies. Plaintiffs allege that TLIC breached its contracts with certain Policyowners by improperly imposing the 2022/23 MDR Increases . From 2022 through 2023, Policyowners were issued letters announcing that their insurance policies would be subject to the 2022/23 MDR Increases. Plaintiffs assert the 2022/23 MDR Increases violated the terms of the Policyowners' contracts, and that Plaintiffs and members of the Settlement Class have been damaged as a result. TLIC denies Plaintiffs' claims and asserts multiple defenses, including that its challenged actions are consistent with the terms of the policy contracts and have not caused any damages.

A full list of the products affected by this Action is provided in **Question 5**.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of all individuals who have a similar claim. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representatives are the Estate of

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

Lawrence Handorf, by and through its administrator Melissa Barger; Blackoak Life Limited as GP for Blackoak Investors LP; and PHT Holding II LP. Everyone included in this Action are the Class Members. The party being sued, such as TLIC, is called the "Defendant."

## 4. Why is there a Settlement?

The Court did not decide whether any terms of the policies at issue were breached. TLIC denies any and all liability or wrongdoing of any sort with regard to the 2022/23 MDR Increases. On April 24, 2025, the Court denied TLIC's motion for partial summary judgment on certain of Plaintiffs' claims. With the assistance of an experienced, neutral mediator, the parties were able to reach a compromise subsequently memorialized in the Settlement Agreement. The Settlement avoids the risks, costs, and delays of further litigation for both sides. Plaintiffs and Class Counsel believe the Settlement is in the best interests of the Classes and is fair, reasonable, and adequate.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The Court has defined the Settlement Class this way: "All persons or entities who presently own or formerly owned a Settlement Class Policy during the Settlement Class Period."

"Settlement Class Policy" means one or more Policy(ies) issued under the following products for which TLIC sent written notice of the 2022/23 MDR Increases:

| Product |
| --- |
| AGRI-VIP |
| AGRI-VIP 5 |
| AGRI-VIP II |
| AGRI-VIP III |
| AGRI-VIP VALUE |
| AGRI-VIP VALUE 5 |
| AHA MVP 100 |
| ALL PRO SERIES I |
| ALL PRO SERIES II |
| BANKERS UNIVERSAL LIFE |
| BOND CONTINUATION |
| CONSERVATION PROTECTOR |
| EXECUTIVE BENEFIT PLUS |
| EXECUTIVE BENEFIT PLUS 2 |
| FREEDOM PROTECTOR II |
| FREEDOM UL |
| FREEDOM UL II |
| HORIZON2 |
| HORIZON3 |
| HUB |
| HUB PA |
| INFLATION FIGHTER |
| INFLATION FIGHTER II |

4

| Product |
|---|
| INVIP |
| ISL SECURITY PLUS |
| ISWL08 & ISWL08R |
| KID'S LIFE |
| LIFE SECURITY |
| LIFEPRO PROTECTOR UL |
| LIFEPRO UL PLUS |
| LIFETIME PROTECTOR – PLAN CODE UL1346 ONLY |
| LIFETIME PROTECTOR II |
| NASE AGRI-VIP |
| PACIFIC FIDELITY UL |
| PREFERRED 1000 |
| PREFERRED GOLD II |
| PREFERRED PROTECTOR 200 |
| PREFERRED PROVIDER II |
| PREFERRED UL |
| PREFERRED VIP |
| PREMIER LIFE |
| SECURITY PLUS II |
| SECURITY PLUS ISWL |
| SECURITY PROTECTOR |
| SINGLE PREMIUM |
| SUMMIT UL |
| TRANSADVANTAGE |
| TRANSSAVERS |
| TRANSULTRA 1997 |
| TRANSULTRA 2K |
| TRANSULTRA LP |
| TRANSULTRA LP 2005 |
| TRANSVALUE |
| TRANSVALUE 2002 |
| TRIPLE PROTECTOR |
| TURNAROUND IN VIP |
| TURNAROUND UL |
| TURNAROUND/ULTIMA PRO-UNISEX |
| ULTIMA PROTECTOR UL10 |
| ULTIMA PROVIDER UL |
| ULTIMA SIMPLIFIED PROTECTOR |
| ULTIMATE PROTECTOR |
| ULTIMATE SECURITY II |
| UNIVERSAL ACCUMULATOR |
| UNIVERSAL PROTECTOR |
| UNI-VIP HUB |
| YOUTH PROTECTOR |

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

The "Settlement Class Period" is the period from November 1, 2021 through and including the Final Approval Date (see **Question 17**).

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (a) the Honorable C.J. Williams, U.S. District Court Judge of the Northern District of Iowa (or other Circuit, District, or Magistrate Judge presiding over the Action through which this matter is presented for settlement) and his immediate family; (b) TLIC; (c) any officer or director of TLIC reported in its most recent Annual Statements, and members of their immediate families; (d) anyone employed in Class Counsel's firm; (d) Policyowners who properly execute and timely file a Request for Exclusion from the Settlement Class; (e) Policyowners challenging the 2022/23 MDR Increases in pending or resolved lawsuits against TLIC other than the Action, if any; and (f) the legal representatives, successors, or assigns of any of the foregoing excluded Policyowners (but only then in their capacity as legal representative, successor, or assignee).

If you are not sure whether you are a Settlement Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  TLIC MDR Settlement
          c/o Settlement Administrator
          [PO Box Number]
          Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

TLIC will establish a Settlement Fund of $57,000,000. The Settlement Fund will be reduced proportionally if there are any opt-outs from the Settlement Class. The Settlement Fund will first be used to pay the costs of administering the Settlement and court-approved attorneys' fees and costs and Service Award payments for the Plaintiffs. The remaining amounts will be distributed to Settlement Class Members according to the Plan of Allocation. No portion of the Final Settlement Fund will revert back to TLIC.

**You do not need to do anything to receive your payment.** A check will be mailed to you at the address in TLIC's records. If you need to update your mailing address, please contact the Settlement Administrator.

**The minimum payment you will receive is $200.00.**

TLIC has also agreed not to:

- Increase COI rate or MDR schedules on policies in the Settlement Class for a period of five (5) years from the date the parties reached the settlement, unless ordered to do so by a state regulatory body.

- Cancel, void, rescind, or deny a death claim submitted under the Settlement Class Members' policies or contest the validity of a policy based on:

6

- An alleged lack of valid insurable interest made in connection with the original application process under any applicable law or equitable principles; or

- Any misrepresentation allegedly made in connection with the original application process.

The Plan of Allocation and Settlement Agreement are both available online at:

www.[SettlementWebsite].com.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  TLIC MDR Settlement
     c/o Settlement Administrator
     [PO Box Number]
     Santa Ana, CA 92799-9958

You should consult your own tax advisors regarding the tax consequences of the proposed Settlement, including, but not limited to, any payments and payment periods under the Settlement Agreement, and any tax reporting obligations you may have with respect to payments received from the Settlement.

## 8. What claims am I releasing if I stay in the Class?

If you are a Settlement Class Member, you cannot sue, continue to sue, or be part of any other lawsuit against TLIC about the facts that arise from the same factual predicate of the claims released in this Settlement. It also means that all the decisions by the Court will bind you. The Released Claims and Released Parties are defined in the Settlement Agreement. They describe the legal claims that you give up if you stay in the Settlement. The Settlement Agreement is available at www.[SettlementWebsite].com.

# Receiving Your Settlement Payment

## 9. What do I need to do to get my settlement payment?

**You do not need to do anything to receive your payment.** A check will be mailed to you at the address in TLIC's records. If you need to update your mailing address, please contact the Settlement Administrator.

## 10. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (*see* **Question 17**). If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed. It is always uncertain whether these appeals can be resolved and resolving them can take time.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved. Please be patient.

# The Lawyers Representing You

7

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com.

## 11. Do I have a lawyer in the case?

Yes, the Court has appointed attorneys from the law firm of Susman Godfrey L.L.P. to represent you and other Class Members ("Class Counsel").

| | |
|---|---|
| **Seth Ard**<br>**Ryan Kirkpatrick**<br>SUSMAN GODFREY L.L.P.<br>One Manhattan West<br>New York, NY 10001<br>sard@susmangodfrey.com<br>rkirkpatrick@susmangodfrey.com<br>Telephone: 212-336-8330 | **Steven G. Sklaver**<br>**Michael Gervais**<br>**Rohit D. Nath**<br>**Glenn C. Bridgman**<br>**Jordan Rux**<br>**Kim Page**<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-4405<br>ssklaver@susmangodfrey.com<br>mgervais@susmangodfrey.com<br>rnath@susmangodfrey.com<br>gbridgman@susmangodfrey.com<br>jrux@susmangodfrey.com<br>kpage@susmangodfrey.com<br>Telephone: 310-789-3100 |

## 12. Should I get my own lawyer?

You do not need to hire your own lawyer to pursue the claims against TLIC because Class Counsel is working on behalf of the Class. However, if you want to be represented by your own lawyer, you may hire one at your own expense and cost.

## 13. How will Class Counsel be paid?

The Court will determine how much Class Counsel will be paid for fees and expenses. Class Counsel will file a motion seeking an award for attorneys' fees not to exceed 33 1/3% of the gross benefits provided by the Settlement to the Settlement Class. Class Counsel will also seek reimbursement for expenses incurred or to be incurred, as well as Service Award payments of $25,000 for each of the Class Representatives. These amounts that are approved by the Court will be paid only from the Settlement Fund. You will not be responsible for direct payment of any of these fees, expenses, or awards.

# Excluding Yourself from the Settlement

## 14. How do I ask to opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out."

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement payments or benefits if you exclude yourself.

8

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

Case 1:23-cv-00032-CJW-MAR Document 185-4 Filed 03/17/26 Page 61 of 68

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the Action: *Estate of Handorf, et al. v. Transamerica Life Insurance Company*, Case No. 2:23-cv-00032-CJW-MAR, pending in the U.S. District Court for the Northern District of Iowa;

(2) your full name, mailing address, email address (optional), and telephone number;

(3) the Policy number(s) to be excluded;

(4) the personal signature of all Policyowners; and

(5) the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person. If you own multiple Settlement Class Policies, you cannot exclude less than all of the Settlement Class Policies you own. However, a Policyowner who owns multiple Settlement Class Policies in a representative or agency capacity (such as a trustee, securities intermediary, or other similar agency) for more than one principal, may request to exclude all Settlement Class Policies held on behalf of one principal while participating in the settlement with respect to Settlement Class Policies held by other principals. If there are multiple Policyowners with respect to a single Settlement Class Policy (such as spouses), all owners must sign unless the signatory holds and submits a copy of a valid power of attorney to act on behalf of all owners of the policy.

Mail your Request for Exclusion to the Settlement Administrator at:

TLIC MDR Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted and postmarked by **[Opt-Out Deadline]**.

# Commenting on or Objecting to the Settlement

## 15. How do I tell the Court if I like or do not like the Settlement?

Any Class Member may object to the fairness, reasonableness, or adequacy of the proposed Settlement. Class Members who wish to object to any term of the Settlement must do so, in writing, by filing a written objection with the Court, and serving copies on Class Counsel and Counsel for Defendant.

You cannot object if you have excluded yourself from the Settlement (*see* **Question 14**)

You must provide the following written information for the Court to consider your objection:

(a) the name of the Action: *Estate of Handorf, et al. v. Transamerica Life Insurance Company*, Case No. 1:23-cv-32, pending in the United States District Court for the Northern District of Iowa;

(b) the full name of the person filing the Statement of Objection, the Settlement Class Member's name(s), mailing address, email address (optional), and telephone number;

(c) the Settlement Class Policy number(s);

9

Questions? Call 1-XXX-XXX-XXXX Toll-Free or visit www.[SettlementWebsite].com

(d)  the personal signature of all Settlement Class Members;

(e)  a statement that the Settlement Class Member objects to the settlement, in whole or in part;

(f)  an explanation of the legal and factual basis for the objection;

(g)  copies of any papers, briefs, or other documents upon which the objection is based;

(h)  a list of all persons who will be called to testify in support of the objection, if any;

(i)  a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; and

(j)  if represented by counsel, the identity of all attorneys representing the objecting Settlement Class Member

If more than one person is on a Settlement Class Policy (such as two spouses), each person must sign the Objection. You may only sign on behalf of another person on the same Settlement Class Policy if you submit a copy of a valid Power of Attorney to act on their behalf.

If you have hired your own attorney, they must submit a notice of appearance with the Court no later than fourteen days before the Fairness Hearing. The Court may change this deadline.

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by [**OBJECTION DATE**]. You must also send a copy of the objection to the Settlement Administrator, Class Counsel, and counsel for Defendant. If you intend to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | TLIC MDR Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

| Class Counsel | Counsel for Defendant |
|---|---|
| **Steven G. Sklaver**<br>**Michael Gervais**<br>**Rohit D. Nath**<br>**Glenn C. Bridgman**<br>**Jordan Rux**<br>**Kim Page**<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-4405<br>ssklaver@susmangodfrey.com<br>mgervais@susmangodfrey.com<br>rnath@susmangodfrey.com<br>gbridgman@susmangodfrey.com<br>jrux@susmangodfrey.com<br>kpage@susmangodfrey.com<br>Telephone: 310-789-310 | **Thomas F.A. Hetherington**<br>**Jarrett Ganer**<br>**Micah Grodin**<br>**Erin Taylor**<br>MCDOWELL HETHERINGTON LLP<br>1001 Fannin St., Ste. 2400<br>Houston, TX 77002<br>tom.hetherington@mhllp.com<br>Jarrett.ganer@mhllp.com<br>Micah.grodin@mhllp.com<br>Erin.taylor@mhllp.com |

10

Questions?  Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

**Seth Ard**
**Ryan Kirkpatrick**
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com
Telephone: 212-336-8330

## 16. What is the difference between objecting and excluding?

Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you. Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement.

# The Court's Final Approval Hearing

## 17. When is the Court's Final Approval Hearing?

The Court will hold a final approval on **[FA Hearing Date]** at **[Hearing Time]** **Central Time**, in Room [Court Room] of the U.S. District Court for the Northern District of Iowa, at [Court Address].

At the final approval hearing, the Court will consider whether the Settlement is fair, reasonable, adequate, and in the best interest of the Class. The Court will also consider how much to pay and reimburse Class Counsel and any Service Award payment to Plaintiffs. If there are objections, the Court will consider them at this time. We do not know how long these decisions will take.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* **Question 15**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 18. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. But you or your own lawyer may attend at your expense.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. The Court will consider your written objection as long as it was filed on time.

## 19. May I speak at the Final Approval Hearing?

Yes. You may ask the Court for permission to speak at the final approval hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear." Your request must state your name, address, and telephone number, as well as the name, address, and telephone number of the person that will appear on

your behalf. Your request must be filed with the Clerk of the Court and served on Class Counsel and Defendant's Counsel no later than [14 DAYS BEFORE HEARING DATE].

# If I Do Nothing

## 20. What happens if I do nothing at all?

**You do not need to do anything to receive your payment.** Those who are eligible to receive a payment from the Settlement do not need to do anything to receive payment; you will automatically receive a payment from the Settlement. You will be bound by the Settlement, and you will give up your right to sue or continue to sue TLIC for the claims in this case.

# Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  TLIC MDR Settlement
         c/o Settlement Administrator
         [PO Box Number]
         Santa Ana, CA 92799-9958

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

12

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

# Exhibit C

**Plan of Allocation[1]**

1. Each Settlement Class Member who is the current or most recent registered owner of a Settlement Class Policy according to Defendant's records ("Recipient") shall be issued a check for that policy equal to the greater of (i) $200.00 (the "minimum settlement relief payment") or (ii) that Recipient's *pro-rata* share of the Net Settlement Fund. No claim form or claims process will be used.

2. Each Recipient's *pro-rata* share of the Net Settlement Fund shall be computed as follows:

   a. First, each Recipient's alleged damages shall be the sum of the Recipient's proportionate share of Additional MDs paid as a result of the 2022/23 MDR Increases, as calculated by Plaintiffs' expert, Robert Mills.

   b. Second, divide each Recipient's alleged damages by the total alleged damages for all Recipients.

   c. Third, multiply the resultant percentage for each Recipient by the Net Settlement Fund that remains after deducting the amount necessary to ensure that each Recipient receives at least the minimum settlement relief payment.

3. If, for a particular Settlement Class Policy, there are two or more Settlement Class Members reflected in Defendant's records as the current or most recent owners of a policy, then the Recipient's *pro-rata* share of the Net Settlement Fund shall be divided equally among each of those Settlement Class Members for that policy.

4. Checks will be mailed to the address of the most recent registered owner of each Settlement Class Policy as of August 31, 2025, as reflected in Defendant's records.

5. For securities intermediary Recipients, the following shall apply:

   a. Checks will be mailed to the address of the securities intermediary Recipient, as reflected in Defendant's records.

   b. If a securities intermediary Recipient (i) informs Class Counsel or the Settlement Administrator in writing that it no longer maintains an open customer account for a Settlement Class Policy, and (ii) provides the name and address of the last known entitlement holder for that policy as reflected in its records, then (iii) such entitlement holder will be deemed the Recipient of the settlement funds for that policy, mailed its *pro-rata* share of the Net Settlement Fund, and entitled to participate in any redistributions of the remaining Net Settlement Fund in accordance with paragraph 6 below. If there are two or more last known entitlement holders reflected in the securities intermediary's records, then the Recipient's *pro-*

---

[1] Unless otherwise specified, all capitalized terms herein are used as defined in the Settlement Agreement and Release.

*rata* share of the Net Settlement Fund shall be divided equally among each of those entitlement holders for that policy.

    c. If the identity and contact information of the last known entitlement holder for a Settlement Class Policy has not been provided within one year plus 30 days after the date the Settlement Administrator mails the first checks, the *pro-rata* share of the Net Settlement Fund for that policy shall be added back to the Net Settlement Fund and redistributed on a *pro-rata* basis in accordance with paragraph 6 below.

6. Within one year plus 30 days after the date the Settlement Administrator mails the first checks, any funds remaining in the Net Settlement Fund shall be redistributed on a *pro-rata* basis to Recipients who previously cashed the checks they received, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair. Following this redistribution, Class Counsel and the Settlement Administrator will determine whether additional redistributions are feasible and practical in light of the aforementioned considerations, and will effectuate any such redistributions to Settlement Class Members who previously cashed the checks they received in the previous redistribution round. All costs associated with the disposition of residual funds – whether through additional distributions to Settlement Class Members and/or through an alternative plan approved by the Court – shall be borne solely by the Final Settlement Fund.

7. The plan of allocation may be modified upon further order of the Court. Any updates to the plan of allocation will be published on the Settlement Class Website.