**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

|  |  |
|---|---|
| ESTATE OF LAWRENCE HANDORF, by and through its administrator Melissa Barger, BLACKOAK LIFE LIMITED, AS GP FOR BLACKOAK INVESTORS LP, and PHT HOLDING II LP, on behalf of themselves and all others similarly situated, | No. 23-CV-32 CJW-MAR **ORDER** |
| Plaintiffs, |  |
| vs. |  |
| TRANSAMERICA LIFE INSURANCE COMPANY, |  |
| Defendant. |  |

_____

Plaintiffs' Unresisted Motion for Preliminary Approval and Class Certification is before the Court. (Doc. 185).

Plaintiffs Estate of Lawrence Handorf, by and through its administrator Melissa Barger, Blackoak Life Limited as GP for Blackoak Investors LP, and PHT Holding II LP move for an order certifying a proposed Settlement Class and preliminarily approving the terms and conditions of the Settlement with Defendant Transamerica Life Insurance Company ("Transamerica" or "Defendant"), as set forth in the Settlement Agreement and Release ("Settlement Agreement") that is attached as Exhibit 2 to the Declaration of Steven G. Sklaver (Doc. 185-4).

The Settlement Agreement is uncontested by defendant and requires, among other things, that all Released Claims against Releasees be settled and compromised. The Court has reviewed and considered the Settlement Agreement and Exhibits annexed

thereto, plaintiffs' Motion for Preliminary Approval and Class Certification and all papers filed in support of that Motion.

The Court **grants** plaintiffs' unresisted motion. (Doc. 185). Under Federal Rule of Civil Procedure 23(e) it is **ORDERED** that:

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2. Under Rule 23(e), the Court finds that it will likely be able to certify the following Settlement Class for purposes of judgment on the proposed Settlement: all persons or entities who presently own or formerly owned a Settlement Class Policy during the Settlement Class Period.

3. Excluded from the Settlement Class are: (a) the Honorable C.J. Williams, United States District Chief Judge for the Northern District of Iowa and his immediate family;[1] (b) defendant; (c) any officer or director of Defendant reported in its most recent Annual Statements, and members of their immediate families; (d) anyone employed in Class Counsel's firms; (e) Policyowners who properly execute and timely file a Request for Exclusion from the Settlement Class; and (f) the legal representatives, successors, or assigns of any of the foregoing excluded Policyowners (but only then in their capacity as legal representative, successor, or assignee).

4. Under Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Court finds that giving notice is justified. The Court will direct notice to Settlement Class Members, as specified below, because it finds that it likely will be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court is likely to find that: (i) the Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiffs' claims present common issues that are typical of the Settlement Class; (iii) Plaintiffs and Class

---

[1] It should be noted that Chief Judge Williams is not aware that he or any family member would have any claim.

Counsel will fairly and adequately represent the Settlement Class; and (iv) common issues predominate over any individual issues affecting the Settlement Class Members. The Court further finds that Plaintiffs' interests are aligned with the interests of all other Settlement Class Members. The Court also finds that resolution of this action on a class basis for purposes of the Settlement is superior to other means of resolution.

5. The Court appoints Plaintiffs as class representatives and Susman Godfrey L.L.P. as Class Counsel for settlement purposes.

6. The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the MDR increase ban, the policy validity guarantee, and the release of the claims. Under Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Settlement Agreement, including the Released Claims contained therein, as being fair, reasonable, and adequate to the Class under the relevant factors set forth in Rule 23(e)(2) and *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988), subject to the right of any Class Member to challenge the fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendant, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Settlement Class as set forth in the Agreement and after a Fairness Hearing.

7. Based on the Court's review of the Settlement Agreement, Plaintiffs' unresisted motion, and the Court's familiarity with this case, the Court finds that the Settlement Agreement was entered into at arm's length by highly experienced counsel with the assistance of a mediator and is sufficiently within the range of reasonableness that notice of the Settlement should be given as provided in the Settlement Agreement. The case was thoroughly litigated by experienced counsel and was resolved after

extensive fact and expert discovery, class certification briefing and a hearing, and briefing and a hearing on a motion for summary judgment.

8.      The Court finds that the proposed Plan of Allocation, attached as an exhibit to the Settlement Agreement, is sufficiently fair and reasonable and that notice of the Plan of Allocation should be given as provided in the Settlement Class Notice.

9.      The Court appoints Simpluris, Inc. as the Settlement Administrator.  Funds required to pay the Settlement Administrator may be paid from the Settlement Fund as they become due as set forth in the Settlement Agreement.  The Settlement Administrator shall be responsible for receiving requests for exclusion from the Settlement Class Members.

10.      As of the date of this Order, all proceedings in the above-captioned class action shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

11.      Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to Settlement Class Members through the Settlement Class Notices, attached as Exhibits A and B to the Settlement Agreement, and through the notice program described in Section IV of the Settlement Agreement and Paragraphs 13-20 of the Jacob Kamenir Declaration ("Kamenir Declaration").  The Court finds that the manner of distribution of the Settlement Class Notices constitutes the best practicable notice under the circumstances as well as valid, due, and sufficient notice to the Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

12.      Upon entry of this Order, the parties shall begin implementation of the notice program as outlined in Section IV of the Settlement Agreement and Paragraphs 13-20 of the Kamenir Declaration.

13. Before the mailing of the Settlement Class Notice, the Settlement Administrator will run the mailing list for the Class Notice through the U.S. Postal Service's National Change of Address Database for verification and correction of addresses to attempt to reduce the number of returned mail items. In the case of Settlement Class Notices undelivered and returned by the U.S. Postal Service, the Settlement Administrator will: (a) re-mail any Settlement Class Notice so returned with a forwarding address, and (b) (1) make reasonable efforts to attempt to find an address for any returned Settlement Class Notice that does not include a forwarding address, or (2) retain a commercial address verification service for this purpose. The Settlement Administrator will re-mail the Settlement Class Notice to each person and entity in the Settlement Class for which it or the address research service provides an updated address.

14. A copy of the Class Settlement Notice shall also be posted at the following website address: www.HandorfCOIClassAction.com. Any Court-approved changes to the Settlement Agreement, or to any filings made in connection with the Settlement Agreement, may be posted to that website, and by doing so, will be deemed due and sufficient notice to Settlement Class Members in compliance with due process and Rule 23 of the Federal Rules of Civil Procedure.

15. Any Settlement Class Member that has not filed a timely and proper written Request for Exclusion may object to this Settlement by filing a written Statement of Objection with the Court and serving any such Statement of Objection on counsel for the respective Parties (as identified in the Settlement Class Notice) no later than 45 calendar days after the Notice Date. The objection must include: (a) the name of the Action: *Estate of Handorf, et al. v. Transamerica Life Insurance Company*, Case No. 1:23-cv-32, pending in the United States District Court for the Northern District of Iowa; (b) the full name of the person filing the Statement of Objection, the Settlement Class Member's name(s), mailing address, email address (optional), and telephone number; (c) the

Settlement Class Policy number(s), (d) the personal signature of all Settlement Class Members; (e) a statement that the Settlement Class Member objects to the settlement, in whole or in part, (f) an explanation of the legal and factual basis for the objection, (g) copies of any papers, briefs, or other documents upon which the objection is based, (h) a list of all persons who will be called to testify in support of the objection, if any, and (i) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing, and if represented by counsel, the identity of all attorneys representing the objecting Settlement Class Member. If there are multiple Policyowners with respect to a single Settlement Class Policy (such as spouses), all Settlement Class Members must sign unless the signatory holds and submits a copy of a valid power of attorney to act on behalf of all owners of the Settlement Class Policy. Any Settlement Class Member who timely files a proper written Statement of Objection may appear at the Fairness Hearing in support of the objection. If a Settlement Class Member is represented by counsel as identified in the Statement of Objection, the attorney must file a notice of appearance with the Clerk of the Court no later than 14 days before the Fairness Hearing, or any other date required by the Court. A Settlement Class Member who appears at the Fairness Hearing by counsel or otherwise will be permitted to argue only those matters that were set forth in the written Statement of Objection filed by such Settlement Class Member. No Settlement Class Member will be permitted to raise matters at the Fairness Hearing that the Settlement Class Member could have raised in such a written Statement of Objection but failed to do so, and any objection to the settlement that is not set forth in such a written Statement of Objection is deemed waived. Any Settlement Class Member who fails to comply with this Paragraph will not be permitted to appear at the Fairness Hearing.

16.     Any Settlement Class Member that wishes to be excluded from the Settlement Class must submit to the Settlement Administrator a written request for exclusion sent by

U.S. mail and postmarked no later than 45 calendar days after the Notice Date. Requests for Exclusion must include: (a) the name of the Action: *Estate of Handorf, et al. v. Transamerica Life Insurance Company*, Case No. 1:23-cv-32, pending in the United States District Court for the Northern District of Iowa; (b) the full name of the person requesting exclusion, the Policyowner name(s), mailing address, email address (optional), and telephone number; (c) the Policy number(s) to be excluded from the Settlement Class, (d) the personal signature of all Policyowners; and (e) the words "Request for Exclusion" or a clear and similar statement that the Policyowner(s) does not want to participate in the settlement. If there are multiple Policyowners with respect to a single Policy (such as spouses), all owners must sign unless the signatory holds and submits a copy of a valid power of attorney to act on behalf of all owners of the Policy. A Policyowner that owns multiple Policies cannot exclude less than all Policies owned. If a Policyowner that owns multiple Policies submits a Request for Exclusion of less than all Policies owned, that Request will serve to exclude all Policies owned, but the Request for Exclusion must still list all Policies. However, a Policyowner who owns multiple Policies in a representative or agency capacity (such as a trustee, securities intermediary, or other similar agency) for more than one principal, may request to exclude Policies held on behalf of one principal while participating in the settlement with respect to Settlement Class Policies held by other principals.

17. Every Settlement Class Member that does not file a timely and proper written Request for Exclusion in accordance with this Order will be bound by all subsequent proceedings, orders, and judgments in the Action. A list reflecting all valid Requests for Exclusion shall be filed with the Court, by Class Counsel, prior to the Fairness Hearing.

18. If the Settlement Administrator determines that a person or entity submitting a Request for Exclusion with respect to a Policy is not the same person or entity reflected

7

in the Notice List, then the Settlement Administrator shall require the person or entity submitting the Request for Exclusion to provide proof of ownership of the Policy or Policies in question. If proof of ownership is provided, the Settlement Administrator must provide notice to Class Counsel and Defendant's Counsel. The Parties and their Counsel will jointly determine whether sufficient proof of ownership was provided. The Court shall resolve any disputes of ownership or exclusion that cannot be reasonably resolved by the Parties and the Parties' Counsel.

19. The Settlement Administrator will maintain the Post Office Box to which Requests for Exclusion are required to be sent, monitor exclusion requests for accuracy and completeness, request any needed clarifications, and provide copies of all such materials to Class Counsel and Defendant's Counsel.

20. The Court hereby schedules a Final Fairness Hearing to occur on **Monday, July 13, 2026, at 1:30 p.m.** before the Honorable C.J. Williams in the United States District Court for the Northern District of Iowa, United States Courthouse, Courtroom 1, 111 Seventh Avenue SE, Cedar Rapids, Iowa 52401, to determine whether (i) the proposed Settlement Class should be certified for settlement purposes; (ii) the proposed Settlement as set forth in the Settlement Agreement, should be finally approved as fair, reasonable, and adequate under Rule 23(e)(2) and should be approved by the Court; (iii) an order approving the Settlement Agreement and a final judgment should be entered; (iv) an order approving the proposed Plan of Allocation should be entered; and (v) any requested award of attorneys' fees and costs, expenses, and service awards in this matter should be approved.

21. The Court hereby adopts the following schedule for events and Court submissions which must be completed prior to the Final Fairness Hearing. All time periods run from the date of this Order:

8

| EVENT | DAYS FROM PRELIMINARY APPROVAL |
|---|---|
| Deadline to send notice to Settlement Class Members | 21 days |
| Deadline to file motion for award of attorney's fees, expenses, and service awards | 52 days |
| Opt-Out and Objection Deadline | 66 days |
| Deadline to file final approval motion | 80 days |
| Deadline to file any reply brief in support of any motion | 101 days |
| Final Approval Hearing | 108 days |

22. Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing, or liability of Defendant or (ii) of any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.

23. Neither this Order, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement is or may be used as an admission or evidence that the claims of Plaintiffs or the Settlement Class lacked merit in any proceeding.

24. If the Settlement or the Settlement Agreement fails to be approved, fails to become effective, or otherwise fails to be consummated, is declared void, or if there is no Final Settlement Date, then the parties will be returned to *status quo ante* as of March 17, 2026, as if the Settlement Agreement had never been negotiated or executed, with the right to assert in the Action any argument or defense that was available to it at that time. If the Settlement or the Settlement Agreement fails to be approved, fails to become effective, or otherwise fails to be consummated, is declared void, or if there is no Final Settlement Date, then the Settlement Administrator shall refund the Settlement Fund to

9

Defendant, together with all earnings thereon, within seven business days, except that no Settlement Administration Expenses shall be recouped by Defendant.

25. The Settlement Fund Account to be established under the Settlement Agreement is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

26. Within 10 days following the filing of this Settlement Agreement for preliminary approval by the Court, Defendant will serve notices of the proposed settlement upon the appropriate officials in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The cost of any CAFA notice is the sole responsibility of Defendant and will not be paid from the Settlement Fund.

27. If any party wishes to appear remotely for the Final Fairness Hearing they are to contact my chambers at Sali_vanweelden@iand.uscourts.gov

**IT IS SO ORDERED** this 25th day of March, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa